SAN ANTONIO WATER WORKS CO. v. MAURY & CO.

No. 6049.

1.   **Practice—Findings of Facts by Court.**—The failure of the court to find in its conclusions of facts a material fact neccessary to support its conclusions of law, is not ground for reversal when the statement of facts shows satisfactorily the proof of such fact.

2.   **Limitation—Account Between Merchant and Merchant.**—When not as-

signed as error, the absence of sufficient allegations in a replication to a plea of limitations that the account sued on is a running account between merchant and merchant, the testimony being satisfactory to the fact, will not require a reversal of a judgment for the plaintiff.

APPEAL from Bexar.    Tried below before Hon. Geo. H. Noonan.

This is an appeal from a judgment in favor of appellee upon an account on its face barred by limitations.

The defendant pleaded the statute; and by supplemental petition plaintiff replied that the defense of limitations did not apply, for that the accounts declared on were "between merchant and merchant, and therefore not barred by limitation."

On the trial it was shown that the parties were engaged in the same business, and that in fact mutual accounts between them existed.

The findings of the court are as follows:    "The facts proved on the trial of said cause are that the goods mentioned and set forth in plaintiff's sworn account were furnished the company defendant at its request; the prices were reasonable and the charges current rates in the city of San Antonio; also that the debt was due and unpaid; also that the defendant company dealt in the same character of goods and sold the same, and in consequence thereof the statute of limitations could not avail the defendant."    The conclusion of law is "that the defendant is liable as a purchaser for goods sold and delivered to defendant at his request."

*A. Dittmar,* for appellant, cited Rev. Stats., art. 3203, sec. 5, and 3205, sec. 3; Guichard v. Superveille, 11 Texas, 525; Judd v. Sampson & Co., 13 Texas, 19.

*Otto Bergstrom,* for appellee, cited Hess v. Dean, 66 Texas, 663; Continental Ins. Co. v. Millikin, 64 Texas, 46.

COLLARD, JUDGE. — There is but one question raised by the assignment of error in this case.    Plaintiff below sued defendant upon an open account.    More than two years had elapsed from the date of the last article charged in the account to the filing of the suit.    The defendant pleaded in bar the statute of limitation of two years.

Plaintiff's original petition charged that defendant, in addition to its business of supplying water to the citizens of San Antonio, was also "engaged in plumbing, buying and selling plumbing supplies, pipe, etc."    Plaintiff replied to defendant's answer setting up limitation of two years, that "said accounts are between merchant and merchant, as set out in plaintiff's original petition, and therefore not barred by limitation."    Neither the original nor supplemental petition contained an allegation that there were mutual and current accounts between the parties.    We are not called on to notice this defect in the petition, as the assignment

of error relied on for a reversal of the case does not refer to it, nor does the proposition in appellant's brief under the assignment. The assignment substantially is, if the court found as a fact that plaintiff's account showed no credits for defendant, no mutual credits and charges, then the court should have found as a conclusion of law that the account was barred.

The court's finding contained nothing upon the subject of mutual or current accounts. The court merely found that "the defendant company dealt in the same character of goods and sold the same, and in consequence thereof the statute of limitations could not avail the defendant."

It was abundantly proved, and not denied by testimony, that there were mutual current accounts between the parties, and that during the time plaintiff dealt with defendant the latter was engaged in the business of selling to the public the same kind of wares kept and sold by plaintiff. This part of the business was closed out, Ulrich says, after he took control of defendant's business, but the proof shows that while the plaintiff sold to the company it was a regular dealer and a merchant in fact. Plaintiff swears, and from other testimony it seems to be true, that defendant kept for sale a larger and better stock of such good as are specified in the account than did the plaintiff himself. The defendant's own evidence indisputably showed that the accounts were mutual; that they were compared at the office of defendant, and extinguished each other, save a small balance in favor of the plaintiff, which the witness says was settled. The defendant's evidence shows, too, that its account against plaintiff covered several sheets of paper. There can be no doubt that there were mutual and current accounts between the parties, and such as concern the trade of merchandise between merchant and merchant as provided in the statute. Rev. Stats., art. 3202, subdivision 5. Such being the undisputed evidence the trial judge should have found the fact. His failure to do so in terms would not justify us in saying that his general conclusion that the two years statute of limitations as pleaded by defendant did not not apply, was incorrect. On the contrary, we should and do hold that his conclusion that two years limitation did not apply was correct.

The failure of the trial judge to find unpon the issue of a settlement was not excepted to, and is not assigned as error; nor is it claimed in this court that there was in fact such a settlement or extinguishment of mutual accounts, in whole or in part. There is no objection made to the finding of the court that the goods were purchased as charged in the account of plaintiff, that the prices charged therefor were reasonable, and that the account is unpaid. Defendant did not set up its account at all, except to show a settlement. Its agents refused to furnish plaintiff with a statement of its account, and plaintiff not having kept a memorandum of it, and not knowing what the items were, could not, as he was willing to do, credit the same, except $26.25. The accounts would extinguish

each other *pro tanto,* but defendant did not ask for his credits in the court below and does not and can not here.

Appellant relies solely for a reversal upon the failure of the court to find that the accounts were mutual. The evidence leaves no doubt in our minds upon the subject. Our conclusion is the judgment of the court below ought to be affirmed.

*Affirmed.*

Adopted November 27, 1888.