### R. E. MONTGOMERY V. G. A. BROWN.
#### No. 1438.

Limitations—Absence from State.—Where, after the accrual of the cause of action against him, defendant removes from the State, but afterwards and at different times openly and publicly visits the State on business and under circumstances which afford plaintiff reasonable and fair opportunity, by the exercise of ordinary diligence, to obtain personal service upon him, the time he so remains should be counted in his favor on a plea of limitations, whether plaintiff had actual knowledge of such visits or not.

APPEAL from Wilbarger. Tried below before W. W. FLOOD, ESQ., Special Judge.

*Wray & Nugent,* for appellant.—In order that returns to the State by a nonresident debtor who has removed therefrom after the accrual of the cause of action may be estimated as a part of the period of limita-tion, the law does not require that such returns should be actually known to the creditor. It is sufficient if the circumstances attending such returns are such as charge the creditor with constructive notice of them, and afford him the opportunity by the exercise of ordinary dili-gence to obtain service of process on the debtor. White, Adm., v. Bailey, 3 Mass., 270; Byrne v. Crowninshield, 1 Pick. (Mass.), 266; Whitten v. Wass, 109 Mass., 40; Hall v. Nasmith, 28 Vt., 791; Didier v. Davidson, 2 Barb. Ch., 477; Fowler v. Hunt, 10 Johns., 464; Cole v. Jesup, 2 Barb., 309; Little v. Blunt, 16 Pick. (Mass.), 359; Campbell v White, 22 Mich., 178.

*Stephens & Huff* and *Smith & Bashan,* for appellee.—1. Limitation will not run in favor of a debtor after his removal from Texas, and the court should not have charged the jury to consider and add the periods appellant remained in Texas during his temporary returns, while liv-ing in Colorado, in computing limitation; and if the charge of the court given the jury did not fully inform them they should compute such temporary returns, it is not error of which appellant can com-plain. Rockwood v. Whiting, 118 Mass., 337; 7 Wait's Ac. and Def., p. 275; Armfield v. Moore, 97 N. C., 34; 9 Am. St. Rep., 675; Stanley v. Stanley, 47 Ohio St., 225; 21 Am. St. Rep., 809.

2. If it be conceded that the temporary returns to Texas of a non-resident debtor, stopping a day and a half at a place, will set the stat-ute of limitation running, then plaintiff having shown by the uncon-troverted testimony of defendant himself that he had removed from Texas to the State of Colorado in May or June, 1888, less than two years after plaintiff's cause of action accrued, and had resided there ever since, the burden rested upon defendant to prove since removing to Colorado, he had been in Texas sufficient time to complete the limitation of two years, and the court properly charged the jury the burden of proof was on the defendant to establish his plea of limita-tion. Ayers, Adm., v. Henderson, 9 Texas, 540, 589; Brick v. Buell, 73 Texas, 514; Falwell v. Herring, 78 Texas, 279; Conlon v. Lamphear, 37 Kas., 431; 9 Am. St. Rep., 675; Phillips v. Holman, 26 Texas, 276; Stanley v. Stanley, 47 Ohio St., 225; 21 Am. St. Rep., 809; Bassett v. Bassett, 55 Barb., 505; 21 Am. St. Rep., 809.

HEAD, ASSOCIATE JUSTICE.—Appellee sued appellant upon an account for services rendered as an attorney. Appellant pleaded pay-ment, and the statute of limitations. Appellee replied, absence of appellant from the State. The evidence showed presence of appellant in the State at the time of the accrual of the cause of action, and for several months thereafter, and that he then removed to the State of Colorado, where he established and has ever since maintained his citi-

zenship and permanent place of residence, but that since such removal he has made frequent visits to this State upon business; and one of the questions presented for the decision of the jury was as to whether or not these temporary returns were of sufficient duration, when added to the time which elapsed before appellant's removal, to complete the two years required by the statute.

Upon this issue the court gave the following charge: "If you believe upon the evidence that at the time defendant employed plaintiff to render the service sued for herein, and at the time such service was rendered, that the defendant, Montgomery, was then residing within the State of Texas, and thereafter the defendant absented himself from and went without the limits of the State of Texas, and thereafter time and again returned within the limits of Texas, and openly and publicly transacted business in various places in said State, and plaintiff was cognizant thereof, and if you believe, in the aggregate, defendant remained within the State of Texas for a period of two years or more from and after the performance of the services sued for by plaintiff herein, and before the bringing of this suit by plaintiff on the 31st of December, 1892, then and in that event you will find for defendant."

We construe this charge as holding, that appellant's visits to this State must not only have been openly and publicly made, but appellee must have had actual knowledge thereof, before they could avail the former. We do not so understand the law. If appellant came into the State openly and publicly, under circumstances which afforded appellee reasonable and fair opportunity, by the exercise of ordinary diligence, to obtain personal service upon him, we think the time he so remained should be counted in his favor, whether appellee had actual knowledge thereof or not. Under such circumstances, it would be his negligence, of which he should not be allowed to take advantage, not to have known it.

We approve the following conclusions upon this subject, taken from the able opinion of Graves, Judge, in Campbell v. White, 22 Michigan, 194, 195: "From the foregoing and many other cases, it may be taken as having been well settled that the object of the Legislature in qualifying the operation of the statute by the fact of the debtor's absence or nonabsence from the State was to allow or prevent the running of the time limited for bringing suit, when the creditor should or should not, in consequence of the circumstances, have a fair opportunity to subject his debtor to the jurisdiction of the proper court of the State. And considering the tenor of the authorities and the object of the clause in question, the rule which alone appears admissible is, that a temporary nonabsence, or in other words, a return, in order to cause the time limited for bringing suit to commence and keep running during his stay, must be shown by the debtor either to have been actually known to the creditor, and to have been so long continued and under such circumstances after such knowledge, as to have enabled the creditor by reasonable diligence to have subjected him to the juris-

diction of the proper State court; or else to have been so notorious and protracted, and so identified with some locality, as to show that the creditor might by reasonable diligence have learned of the debtor's return or nonabsence; and by the like diligence after such fact could have been learned, might have subjected him to the jurisdiction as before stated." See also Angell on Lim., 6 ed., sec. 206; Buswell's Lim. and Adv. Poss., sec. 117.

This view of the law was called to the attention of the court in a special charge, the refusal of which is assigned as error.

The judgment of the court below will be reversed, and the cause remanded.

*Reversed and remanded.*

Delivered December 5, 1894.