### GLENN v. McFADDIN.

(Court of Civil Appeals of Texas. San Antonio. Jan. 10, 1912. Rehearing Denied Jan. 31, 1912.)

1. APPEAL AND ERROR (§ 173*)—QUESTIONS REVIEWABLE —QUESTIONS RAISED IN TRIAL COURT.

A plaintiff, in an action on an account for work performed, who alleges in his replication to the answer that the action was barred by limitations, that defendant has been absent from the state since the accrual of the cause of action, to prevent the defense of limitations, may not, for the first time on appeal, urge that the claim arose out of a firm transaction, preventing the running of limitations.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1104, 1105; Dec. Dig. § 173.*]

2. LIMITATION OF ACTIONS (§ 199*)—RUNNING OF LIMITATIONS — ABSENCE OF DEFENDANT FROM STATE—QUESTION FOR JURY.

Whether a defendant, relying on the two-year statute of limitations, as barring an action on an account for work performed, had been absent from the state subsequent to the accrual of the cause of action, so as to prevent the running of limitations, held, under the evidence, for the jury.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 199.*]

3. LIMITATION OF ACTIONS (§ 89*)—ABSENCE OF DEFENDANT FROM STATE—RETURN TO STATE—EFFECT.

Where, after the accrual of a cause of action, defendant came into the state openly and publicly, under circumstances affording plaintiff reasonable opportunity, by the exercise of ordinary diligence, to obtain personal service on him, the time defendant remained in the state must be counted in his favor in determining the running of limitations, whether plaintiff had actual knowledge of defendant's presence in the state or not.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 464–467; Dec. Dig. § 89.*]

Appeal from Uvalde County Court; T. M. Milam, Judge.

Action by I. R. Glenn against Nick McFaddin. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Love & Williams and E. B. Ward, for appellant. Martin, Old & Martin and H. C. King, for appellee.

COBBS, J. This suit is on an account, as follows:

| | |
|---|---|
| To balance due on well drilling..... | $100 00 |
| To balance due on windmill and pipe | 90 00 |
| To work putting up mill.............. | 9 90 |
| Total ........................ | $199,90 |

There was a judgment in the justice court against appellee, and it was appealed to the county court, and after the court heard the evidence, it being tried with a jury, it instructed the jury to return a verdict for defendant, because the cause of action was barred by the statute of limitations of two years.

The contention raised by the first assignment and proposition thereunder is to the effect that the suit was a transaction between partners, and the four, and not two, years applied.

There is nothing in the record to show that the appellant based his claim upon a partnership transaction. There was no pleading to indicate it. On the contrary, the account is an ordinary one, for work and labor performed—not the slightest suggestion that it grew out of a partnership transaction.

[1] The appellee specially pleaded the statute of two years to bar the suit, and appellant for the first time filed a written pleading, by way of replication, and, passing the exception, the first paragraph of his answer set up appellee's absence from the state "for sufficient time, since the accruing of plaintiff's cause of action, to make the full period of limitation, as pleaded by defendant to prevent the defense being available." It is not denied by appellant that the claim would be barred, as it accrued December 7, 1905, unless it grew out of a partnership transaction, or that appellee had been out of the state, as pleaded, so as to avoid this defense. Since the account itself and appellant's rep-

---

lication both failed to disclose such issue of partnership on the trial in the county court, the appellant will stand bound by the issue he made below on the trial, and cannot, for the first time, without proper pleading, oral or otherwise, below, invoke a ruling from this court. H. E. & W. T. Ry. Co. v. Eastern Tex. Ry. Co., 122 S. W. 972; Dwight et al. v. Matthews et al., 94 Tex. 533, 62 S. W. 1052; San Antonio Waterworks Co. v. Maury, 72 Tex. 112, 12 S. W. 166.

The second proposition is that, defendant having held the property as a trustee, * * * the statute of limitations would not begin to run until he had repudiated the trust. The proposition, as a statement of law, may be correct enough; but that it has any application to the facts in this case we are wholly unable to appreciate.

[2] The third proposition under first assignment is as follows: "If the statute of limitation had commenced to run against plaintiff, it was not complete; the defendant having been absent from the state under the two-year statute of limitations." Appellee stated: "Left for New Mexico in latter part of 1907 or early part of 1908. In the last four years, I have been out of the state about two years. I think it was December, 1907, or January, 1908, when I left. I stayed about one year, not over that, and came home to my father's, at Leaky, Tex., and stayed probably a month. I went back to New Mexico after that. Don't know how long after first trip, nor what year; think it was in the fall of 1909, while my father was sick. Stayed about three weeks; went back to New Mexico; was not there but a short while till I received a message that father was sick again. I then went to Leaky, Tex., again and stayed about three weeks, and went back to New Mexico. Don't know how long I was in New Mexico that time. I came back in November, 1910, last, and have been in Texas ever since. When I stated that the second time I came back was in 1910, I was evidently mistaken; it must have been in the fall of 1909, as father died in 1909." Linnie Cowan stated appellee went to New Mexico in December, 1907, or January, 1908. J. L. Hobbs stated appellee went to New Mexico, December 14, 1907. Appellant testified he met appellee "about the 12th of January this [1911] year, and said to McFaddin, 'Where have you been all the while?' He replied, 'In New Mexico.' I said, 'Let us straighten up what you owe me. * * *' I don't know where McFaddin had been since he sold out in 1906." Now this testimony certainly raised a disputed issue of fact. Appellee himself stated on the witness stand he had been out of the state about two years. When you take his testimony, detailing the times spent in the state during the period of time under investigation, it is about as indefinite and unsatisfactory as is his stay out of the state "about two years." But he told appellant, which he does not seem to contradict by positive statement, he had been out of the state all the time. What is meant by that is left unexplained and uncontradicted.

[3] It is held, in Montgomery v. Brown, 9 Tex. Civ. App. 127, 28 S. W. 834: "If appellant came into the state openly and publicly, under circumstances which afforded appellee reasonable and fair opportunity, by the exercise of ordinary diligence, to obtain personal service upon him, we think the time he so remained should be counted in his favor, whether appellee had actual knowledge thereof or not. Under such circumstances, it would be his negligence, of which he should not be allowed to take advantage, not to have known it." This is unquestionably a correct statement of the law governing such cases. The evidence on the subject raises an issue of fact for the jury to pass on, and the court should not have given the peremptory instruction.

For the reasons given, the judgment of the court is reversed, and the cause remanded for a new trial.