### KUHLMAN et al. v. DICKSON et al.
### (No. 9626.)

(Court of Civil Appeals of Texas. Fort Worth. May 7, 1921.)

**1. Limitation of actions ⊜⟹58(6)—Limitation ordinarily does not run against enforcement of assessment until validly levied.**

Limitation against enforcement of a certificate of special assessment against property for street paving ordinarily does not run until a valid assessment has been levied, and, in the absence of express statutory provisions to the contrary, until the municipality has the right to proceed to enforce the assessment.

**2. Limitation of actions ⊜⟹87(3)—Limitation runs in favor of nonresident who remains without state until period completed.**

Limitation runs in favor of nonresidents who shall remain without the state until the period of limitation has been completed, and, once begun, continues to run after the party returns to the state.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Suit by F. M. Kuhlman and another against Jas. T. Dickson, executor, and others. From judgment for defendants, plaintiffs appeal. Affirmed.

Ike A. Wynn and Herbert Hedick, both of Fort Worth, for appellants.

J. C. Terrell and W. W. Wilkinson, both of Fort Worth, for appellees.

BUCK, J. On June 11, 1920, Kuhlman & Blue filed this suit against Jas. T. Dickson, executor of the estate of Mrs. Jennie H. S. Roe-Tufts, and Mrs. B. Strache, on the following promissory note, executed by the husband of Mrs. Tufts:

"$149.45.                          July 24, 1914.

"October 1st, after date, for value received, I promise to pay to Kuhlman & Blue, or order, one hundred forty nine and 49/100 dollars at Fort Worth, Texas, to bear interest at the rate of 8 per cent. per. annum from July 30, 1914, and further hereby agree that, if this note is not paid when due, to pay all costs necessary for collection, including 10 per cent. for attorney's fees. [Signed] Mrs. J. H. S. Tufts, by S. Tufts, Jr., Attorney in Fact. [Signed] S. Tufts, Jr.

"This is given in recognition and extension of assessment lien for paving on Texas street adjacent to lot 2, block 19, Jennings West Add., Fort Worth, Texas."

Mrs. Strache had purchased the lot on which plaintiffs sought a foreclosure from Mrs. Tufts. J. P. Casey, vendee of Mr. and Mrs. Strache, was later made a defendant. The plaintiffs pleaded that this note was given in recognition and extension of assessment lien for paving lot No. 2, block No. 19, Jennings West addition to the city of Fort Worth. Jas. T. Dickson, executor, answered by a general demurrer, a general denial, a plea of non est factum, and a plea of coverture, and a plea of limitation of two years, four years, and ninety days, the last limitation plea being founded on article 3449, V. S. Tex. Civ. Statutes, providing that the owner of a claim rejected by the executor or administrator may file suit thereon against the executor or administrator within ninety days after such rejection and not thereafter. Mrs. Strache adopted the answer of Jas. T. Dickson, executor, and J. P. Casey answered by a general demurrer, a general denial, and a plea of limitation of two years, four years and ninety days, and also by a plea of innocent purchaser.

The cause was tried before the court without the intervention of a jury, and judgment was rendered for defendant, and the plaintiffs have appealed.

The court filed his findings of fact and conclusions of law, which, in effect, were that the plaintiffs had entered into a contract with the city of Fort Worth to pave Texas street from Jennings avenue to Penn street; that the special assessment for paving in front of Mrs. Tufts property was made and levied against David Evans, as the owner of the property; that said paving was not completed as a whole, inasmuch as one block of the street was left unpaved, and that the property abutting thereon was not homestead property, and was not exempt from assess-

ment against the same and the lien created to secure the payment thereon; that at the time of such paving Mrs. Tufts was a married woman and living in California, and had so lived and resided in said state from the spring of 1911, and that she returned to Texas in the summer of 1916; that no assessment was ever levied against Mrs. Tufts, and that no legal assessment or lien was created against said property; that the note signed by Mrs. Tufts' husband and in her name was not authorized by Mrs. Tufts, and that the property against which the lien was sought to be enforced was the separate property of Mrs. Tufts; that Mrs. Tufts paid, in February, 1915, $52.52 on this paving; that in the summer of 1916 Mrs. Tufts returned to Texas, where she lived until her death, January 17, 1918; that Jas. T. Dickson qualified as executor of her estate April 23, 1918; that on March 3, 1920, the claim herein sued upon was presented to the said executor for allowance or rejection, and that he rejected the same on March 9, 1920, and that same was returned to plaintiffs' attorney by mail on March 13, 1920, and that on June 11, 1920, the plaintiffs instituted their suit; that no legal or binding assessment was ever made against Mrs. Tufts or her property, but that said claim and lien cast a cloud on the title of the property, and that defendants were entitled to have said cloud removed; that plaintiffs' claim is barred by the statute of four years' limitation, and is barred by the failure to institute their suit within ninety days after the rejection of the same by the executor.

[1, 2] The evidence shows that at the time certificate of special assessment against Mrs. Tufts' property was issued, on, to wit, January 28, 1913, that Mrs. Tufts was not a resident of the state of Texas, but had resided in California since 1911; that she established her residence in California in the spring of 1911; that the paving of Texas street was completed on July 30, 1912. We think that the statute of limitation of four years applies. Limitation does not ordinarily run until a valid assessment has been levied, and the period of limitations does not run, in the absence of express statutory provisions to the contrary, until the municipality has the right to proceed to enforce the assessment. Taxation by Assessment, by Page & Jones, p. 1852, § 1168. Certainly, in the absence of a statute to the contrary, limitation would not begin to run until the work was completed, and the amount assessed due by the property owners. The ordinance was passed authorizing the assessment against the property owners whose property abutted on the street ordered to be paved on May 3, 1911. Assuming that the statute of limitation began to run at the time

of the issuance of the certificate of special assessment on, to wit, January 28, 1913, it was nearly four years before Mrs. Tufts died. At the time the cause of action accrued Mrs. Tufts, having abandoned her residence in Texas, was living in California. Limitation runs in favor of nonresidents who shall remain without the state until the period of limitation has been completed, and certainly, once begun, would continue to run after the defendant has returned to the state. Lynch v. Ortleib & Co., 87 Tex. 590, 30 S. W. 545; Wilson v. Daggett, 88 Tex. 375, 31 S. W. 618, 53 Am. St. Rep. 766; Snoddy v. Cage, 5 Tex. 106; Love v. Doak, 5 Tex. 343; Moore v. Hendrick, 8 Tex. 253; Glenn v. McFaddin, 143 S. W. 234. Hence we believe that the judgment below must be affirmed on the statute of limitation of four years, irrespective of the other reasons given by the trial court in his findings of fact and conclusions of law.

Judgment affirmed.