**PRESTON et al. v. ANDERSON COUNTY LEVEE IMPROVEMENT DIST. NO. 2. (No. 3462.)**

Court of Civil Appeals of Texas. Texarkana. Feb. 15, 1928.

Rehearing Denied March 8, 1928.

*1.* **Levees and flood control** ⚖️27—**Landowners in proceeding by levee district for collection of delinquent taxes held not entitled to claim absolute privilege of separate hearings (Rev. St. 1925, art. 8017).**

Proceeding under Rev. St. 1925, art. 8017, by levee district for collection of delinquent taxes, is in nature of a special proceeding in rem in which there is a community of interest in subject-matter permitting a full joinder of parties interested, and landowners cannot claim absolute privilege of having separate hearings.

**2. Limitation of actions** ⚖️58(6)—**Limitation against collection of delinquent levee taxes did not commence to run until rate of tax was formally fixed of record (Rev. St. 1925, art. 8017).**

Since limitations against enforcement of delinquent levee taxes does not commence to run until rate of tax is actually fixed, proceeding begun under Rev. St. 1925, art. 8017, in June, 1925, for collection of delinquent taxes for the years 1922 and 1923, was not barred by limitations, where tax rate was not formally fixed of record until 1924.

**3. Levees and flood control** ⚖️27—**Petition by levee district for collection of delinquent taxes held sufficiently to comply with statute (Rev. St. 1925, art. 8017).**

Petition in proceeding by levee district under Rev. St. 1925, art. 8017, for collection of delinquent taxes, alleging that district was duly created and organized, that bonds were duly authorized and issued, lands assessed, and taxes levied, and that taxes are due and delinquent, *held* to sufficiently comply with statutory requirements.

**4. Levees and flood control** ⚖️27—**Original report of commissioners of appraisement and tax rolls complying with statute held admissible in proceeding to collect delinquent levee taxes (Rev. St. 1925, art. 7164, and art. 8017, § [e]).**

In proceeding by levee district for collection of taxes, original report of commissioners of appraisement and tax rolls *held* admissible, where lands were listed on tax rolls and enumerated in report in name of owner, abstract number, number of acres, name of original grantee, with amount of net benefits accruing to particular tract of land, thus sufficiently complying with Rev. St. 1925, art. 7164, and article 8017, § (e).

**5. Constitutional law** ⚖️289—**Counties** ⚖️39—**Levees and flood control** ⚖️2—**Act creating levee improvement districts held not to violate constitutional provisions as to due process of law and uniform taxation, nor to impose duties on commissioners' court not constituting "county business" (Acts 4th Called Sess. 1918, c. 44; Const. art. 16, § 59; Const. art. 5, § 18).**

Acts 4th Called Sess. 1918, c. 44, creating levee improvement districts, in furtherance of Const. art. 16, § 59, does not violate constitutional provisions as to due process of law and equal and uniform taxation, nor is it opposed to Const. art. 5, § 18, as imposing duties on commissioners' court not constituting "county business."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, County Business.]

**6. Levees and flood control** ⚖️6—**Validity of creation and organization of levee district is not subject to collateral attack (Acts 4th Called Sess. 1918, c. 44).**

The validity of the proceedings leading up to the creation and organization of a levee district,

pursuant to Acts 4th Called Sess. 1918, c. 44, is not subject to collateral attack, but should have been acted on at time of initial proceedings on proper proceedings.

**7. Levees and flood control ⚖═25—Decisions of commissioners of appraisement of levee improvement district are not subject to collateral attack (Acts 4th Called Sess. 1918, c. 44).**

Commissioners of appraisement of a levee improvement district created under Acts 4th Called Sess. 1918, c. 44, are a quasi judicial tribunal, whose decisions are not open to collateral attack.

**8. Levees and flood control ⚖═27—Landowners in suit by levee district to collect delinquent taxes cannot directly attack creation and organization of district, in absence of bondholders as parties (Rev. St. 1925, art. 8017).**

Treating answers of defendants, in proceeding by levee improvement district under Rev. St. 1925, art. 8017, for collection of delinquent levee taxes, as a direct attack on the creation and organization of the district, they are not available as defense, in absence of bondholders or their representatives, who are necessary parties; the supervisors of the levee district not being representatives of bondholders.

Appeal from District Court, Anderson County; Ben F. Dent, Judge.

Action by Anderson County Levee Improvement District No. 2 against C. S. Preston and others. Judgment for plaintiff, and defendants appeal. Affirmed.

The suit was filed June 3, 1925, by the levee improvement district, for the collection of delinquent levee taxes for the years 1922 to 1924, inclusive, including penalties, interest, and costs of court, through the foreclosure of the lien thereof on the various tracts of land situated within the district. The petition alleged: That the district was duly created and organized in 1918 under the authority and proceedings of the commissioners' court, for purposes of reclamation and drainage of certain land; that bonds were duly authorized and issued under orders of the commissioners' court in 1919; that the lands were assessed and the taxes levied in 1919 to provide interest and a sinking fund to pay the bonds issued by the district, but that the tax rate for 1922 and 1923 was not formally entered of record by the commissioners' court until 1924; the description of each tract of land, with the names of the owners thereof and of those interested therein and the gross amount of taxes, interest, penalties, and costs chargeable and sought to be recovered against each tract; that the taxes therein sued for are for the years 1922, 1923, and 1924, and that they are due and delinquent. The prayer was for a foreclosure of the lien against each tract of land described. Attached to the petition and made a part of it is a copy of the confirmed report or decree of the commission-

ers of appraisement assessing the amounts of benefits to each of the tracts of land in the district.

There are numerous defendants in the suit. The answers are voluminous, and the substance of the same will be briefly stated. Exceptions were addressed to the petition, misjoinder of parties, and causes of action, and the statute of limitations were specially pleaded. The pleaded defenses are substantially as follows: That commissioners of appraisement were never in point of fact appointed, never met and elected officers or a secretary, and never viewed the lands nor assessed the amounts of benefits to accrue to any of the tracts of land; that commissioners of appraisement never made nor filed any report, in the mode and manner required by statute, of their findings; that no notice was given, nor any final hearing had by commissioners of appraisement as required by law; that the district was fraudulently and illegally created and organized, and included uplands for fraudulent purposes of taxation; that the commissioners of appraisement were legally disqualified to act as such; that the report of the commissioners of appraisement was insufficient to form the basis for the assessment of benefits; that the amounts of benefits assessed against the lands are excessive and confiscatory and fraudulently done; that no legal levy and assessment of the taxes sued for had ever been made by any one authorized to levy and assess the same. The defendants also, by cross-action against the levee improvement district, upon alleged grounds of invalidity and illegality, sought cancellation of the decree or report of the commissioners of appraisement, and injunction, as means of relief, against the levy and collection of taxes.

The plaintiff filed a supplemental petition urging exceptions to the answers of defendants. The court sustained the exceptions of the plaintiff except as to three of them, which were, viz. Nos. 1, 9, and 12. Also the court overruled the defendants' demurrer and all exceptions to the plaintiff's pleading.

After hearing the evidence the court peremptorily instructed the jury to return a verdict for the plaintiff. Judgment was entered in favor of plaintiff.

The plaintiff offered in evidence the following:

(1) The order of the commissioners' court, of date June 1, 1918, creating and establishing the district as Anderson county levee improvement district No. 2, the lands being partly in Houston county, but mostly in Anderson county. Said order, among other things, recites:

"It further appearing to the court that proper and legal notice had been given of the filing of said petition and of the date and place of hearing by posting notices thereof," etc., and

"It further appearing from the report of and

the testimony by the state reclamation engineer, and otherwise, that the material facts set forth in the said petition are true, and that the proposed improvements are desirable, feasible, and practicable, and are needed, and that such improvements would be conducive to public health and would be a public benefit and a public utility," etc.

(2) The order of the commissioners' court, of date June 1, 1918; appointing three supervisors of the district, and the oath of office taken by such supervisors.

(3) The oath of three commissioners of appraisement, of date October 26, 1918, and the decree or report of the commissioners of appraisement, of date February 1, 1919, showing in detail proceedings and assessment of amount of benefits to each tract of land.

(4) The order of the commissioners' court, of date January 2, 1919, authorizing and directing issuance of bonds in the amount of $200,000, payable in 30 serial installments. Said order, among other things, further providing:

"It is further ordered that to pay the principal amount of the above-named bonds when due and to pay the interest thereon as the same matures, a tax rate sufficient to raise and produce for the year and amount following: [Here follows full statement.]—shall be and is hereby ordered to be levied, assessed, and collected for each of said years upon all of the taxable property in said Anderson county levee district No. 2 until all of said bonds and interest coupons have been paid.

"It is further ordered by the commissioners' court of Anderson county, Tex., that to pay the interest on said bonds and to create a sinking fund to redeem at maturity, a tax of five dollars and fifty cents on each one hundred dollars of benefits assessed against the real property within said levee district shall be levied for the year 1919, and is here and now levied for said year 1919; that during each year thereafter, while said bonds, or any of them, are outstanding, there shall be computed and ascertained what rate of tax, based upon the latest approved tax rolls of the said levee district, will be necessary, requisite, and sufficient to fully make, raise, and produce the said sums hereinbefore set out for each sufficient to pay the interest on and redeem them at maturity, and said tax, of and at the rate so found necessary, as aforesaid, shall be and hereby is ordered to be levied, assessed, and collected on all real property in said district, and said money when collected shall be applied to the purpose named."

(5) A like order of the commissioners' court of Houston county, of date January 13, 1919.

(6) A copy of the levee tax rolls for 1922, 1923, and 1924, showing the lands, owners, amounts of benefits, tax rate, amounts of taxes, and years. There is further testimony appearing in the record, which is here referred to without copying the same herein. The evidence offered by the defendants was, on objection, excluded, and various assignments of error are predicated on the rulings. The points on appeal involve questions of law.

Cole, Cole & O'Connor, Ned B. Morris, Sr., Fred R. Switzer, Vinson, Elkins, Sweeton & Weems, and Robert L. Cole, all of Houston, J. A. Templeton, of Fort Worth, and Ned B. Morris, Jr., of Palestine, for appellants.

Dabney, Goggans & Richie, of Dallas, for appellee.

LEVY, J. (after stating the facts as above). [1] Article 8017, R. S., under which the present proceeding was brought, authorizes the inclusion of all tracts of land and the joinder of all interested as landowners and lienholders as parties in one action to foreclose tax liens by reason of taxes delinquent and due a levee improvement district. The action, as declared, is in the nature of a special proceeding in rem, only specifically the foreclosure of the tax lien on the land. There is a community of interest in the subject-matter of the action, permitting a full joinder of parties interested. The Legislature having the power to prescribe the special proceedings and the rules of procedure, as was done by it, the appellants may not each claim the absolute privilege, as here claimed, to have a separate hearing in the action, by distinct suit or special trial, and therefore may not predicate error in violation of absolute privilege or right upon the refusal of the court to sustain their plea of misjoinder.

[2] The tax rolls for the years 1922 and 1923 were not formally fixed of record, as alleged and proven, but it was done by the authority of the supervisors in 1924 for that year, as well as the omitted years of 1922 and 1923. The delinquency of payment of taxes for each of the years named was declared upon as occurring in 1925 for taxes of 1924, before the filing of the suit in June, 1925. The plea of limitation, as pleaded, was not available, under the circumstances, against taxes for 1922 and 1923, as limitation against enforcement did not commence to run until the rate of tax was actually fixed. A cause of action for delinquency of payment arose after the tax rate was formally fixed by the commissioners' court, the lands being omitted from taxation for the two years mentioned. Kuhlman v. Dickson (Tex. Civ. App.) 233 S. W. 338. The point is analogous to the exception applicable to fraud or mistake. Smith v. Fly, 24 Tex. 345, 76 Am. Dec. 109; Oldham v. Medearis, 90 Tex. 506, 39 S. W. 919.

[3] Section (e) of article 8017, R. S., undertakes to prescribe what will suffice as requisite to a right of action in this character of special proceedings. The prescribed method, however simple in form, contains all the essential elements of a demand or obligation legally enforceable in the courts. And the petition of the plaintiff sufficiently contained the statutory requirements as against the demurrer and exceptions urged by the appellants.

[4] The appellants claim that the original report of the commissioners of appraisement

and the tax rolls were inadmissible in evidence because they failed to sufficiently describe or identify the lands against which the taxes were assessed. The lands were listed on the tax rolls and enumerated in the report in the name of the owner, the abstract number, the number of acres, and the name of the original grantee, with the amount of the net benefits accruing to the particular tract of land. There was sufficient statutory compliance. Article 7164, and section (e), art. 8017, R. S.

[5] The act in question was passed in authority and furtherance of section 59 of article 16 of the state Constitution. Providing, as the act does, for the creation of a levee district as a public utility as conducive to public health, and for notice and hearing of all landowners interested, it is not subject to the various constitutional objections as presented and urged by appellants, of due process of law and equal and uniform taxation. Neither is the act opposed to section 18 of article 5 of the Constitution upon the ground that it imposes duties upon the commissioners' court not constituting "county business" in the meaning of that term. The levee district is created as a public utility and within boundaries of the designated counties. It is made the duty of the commissioners' court to levy taxes, authorized through the initiation and referendum of landowners, to discharge the cost of construction and maintenance of levees. Taxation is the normal and ordinary source of income of counties.

[6-8] The court sustained exceptions or demurrers to the appellants' pleading setting up as a defense to the proceeding to the effect that: (1) "The levee district was never legally created, organized or established" as provided by the Acts 4th Called Sess. 1918, p. 97; (2) the appointment, action, proceeding, and report of the commissioners of appraisement were all illegal and void. It is thought that the allegations are not to the extent merely of resisting the payment of the particular taxes of 1922, 1923, and 1924, as declared upon, but reach further in an attack, resting on proof by extraneous evidence, upon proceedings leading up to the creation and organization of the levee district and the assessment of benefits to the land as a basis of taxation for the payment of bonded indebtedness for the construction of the levee. In purpose and effect illegality in toto is claimed of both the organization of the district and the appointment and all proceedings and actions of the commissioners of appraisement. They were all matters that could have been defensibly acted upon at the time of the initial proceedings on proper proceedings. Sections 22, 23, Acts 1918; Wilmarth v. Reagan (Tex. Com. App.) 242 S. W. 726. The validity of the proceedings leading up to the creation and organization of the levee district are not

subject to collateral attack. 36 C. J. § 27, p. 1008. And the commissioners of appraisement are a quasi judicial tribunal, whose decision is not open to collateral attack. Acts 1918; Glenn v. Levee District, 114 Tex. 325, 268 S. W. 452. But viewed as a direct attack, the pleadings are not legally available as a defense in the absence of the bondholders or their representative as parties defendant. The Glenn Case, supra, intimates that it becomes a direct attack, and the bondholders are necessary parties when the taxpayers seek, as here, in a suit to enforce collection of delinquent taxes, to abate the whole assessment of benefits, made the basis of taxation in the first instance, and the organization of the district. Also Levee Improvement Dist. v. Ayers (Tex. Civ. App.) 246 S. W. 1112; State, for use of Delta County Levee Improvement Dist. v. Bank of Mineral Wells (Tex. Civ. App.) 251 S. W. 1107. Ordinarily the question of whether or not there has been failure simply in the ministerial act of extending or computing the taxes, or placing them on proper rolls, against the individual taxpayers, becomes an issue in the suit. In such matters simply the rights of bondholders are not injuriously affected, since there is a remedy by properly fixing the rate of tax. But questions seeking to make invalid or void any assessment for payment or any lien securing the bonds injuriously affects the bondholders, as without legal recourse in any event to have the bonds paid. There is no way to compel the landowners to re-establish the district, once it is determined invalid. The statute places the public duty upon the supervisors of the levee district to enforce collection of taxes. The funds so collected are simply held in trust for the purposes expressed in the statute, of paying the interest and the principal of the bonded indebtedness. Such officers are not and do not become representatives of the bondholders, but act as a public agency, and not one of a private nature, for the administration of the public trust confided to them.

We have considered every assignment of error, and conclude that they should be overruled.

The judgment is affirmed.

### On Rehearing.

PER CURIAM. The members of this court are of the opinion that the motion should be overruled.

The correction, however, is made as to the statement "that the tax rate for the years 1922 and 1923 was not formally made of record by the commissioners' court," etc. This was inadvertent error. It should only appear that tax rolls were made by the secretary of the board of supervisors in 1924 for that year, as well as for the years of 1922 and 1923.