**WENTZ v. HANCOCK.**

No. 9931.

Court of Civil Appeals of Texas.
Austin.

Jan. 10, 1951.

Rehearing Denied Feb. 7, 1951.

Crawford C. Martin, of Hillsboro, and Jane Sumner, of Austin, for appellant.

John C. Butler, of Austin, for appellee.

ARCHER, Chief Justice.

Percy Hancock brought suit in the district court of Travis County upon the unpaid balance of one promissory note executed by the appellant. Appellant answered with a general denial, except as to the unpaid balance, and brought a cross action and plea in reconvention against plaintiff and John C. Butler, alleging that the note sued on was part of the purchase price of certain land in Travis County bought from the plaintiff, and that plaintiff and Butler had fraudulently brought about a trustee's sale which appellant asked to be set aside. The case was tried without a jury and resulted in judgment that plaintiff take nothing on his note and quieted title to the land in plaintiff "and/or" John C. Butler, and that costs in each instance be taxed against the losing party. Appellant excepted to this judgment and has appealed to this court. The trial court filed findings of fact and conclusions of law, but, upon request, refused to make any additional findings, to which action appellant duly excepted.

This case is before this court on eight assignments of error of the trial court.

■ The first is directed to the trial court's failure to make and file additional findings of fact as provided for in Rule 298, Texas Rules of Civil Procedure.

The court had made findings and conclusions of law, and the defendant re-

quested the court to make a number of additional fact findings, which was refused. With the record before this court, we do not believe that the failure to make and file the requested findings resulted in prejudice to the defendant.

Rule 298 provides that "the judge shall * * * prepare and file such further, other or amended findings and conclusions as may be proper, * * *."

In Wagner v. Riske, 142 Tex. 337, 178 S.W.2d 117, 120, the Supreme Court held that: "In spite of the above rules, a failure of a trial court to prepare and file findings of fact or conclusions of law under Rule 296, or additional or amended findings of fact or conclusions of law under Rule 298, will not call for a reversal of the trial court's judgment, if the record before the appellate court affirmatively shows that the complaining party has suffered no injury in the premises. San Antonio Water Works Co. v. Maury, 72 Tex. 112, 12 S.W. 166."

In the court's findings, most, if not all, of the requested findings, or some element thereof, were disposed of directly or indirectly. For example, the defendant requested the court to find that the land was worth at least $30,000. In the findings made by the court it was found that there was not sufficient evidence to furnish a basis upon which the market value of the land could be computed; and further that there was no evidence to show that the sale price at the trustee's sale was grossly inadequate, or that there was any fraud, mistake, or accident, or other inequitable action on the part of the plaintiff, his attorney, or the trustee.

In Miller v. Gibralter Sav. & Bldg. Ass'n, Tex.Civ.App., 132 S.W.2d 606, the court held that where there was no sufficient showing in the record that the inadequate price for which the property sold resulted from irregularity or fraud, that the appellant was not entitled to set the sale aside merely because of such inadequate price and an offer made after the sale to pay the debt and expenses.

The findings of the court are reasonably supported by the evidence.

Rule 299, T.R.C.P., provides: " * * * but where one or more elements thereof have been found by the trial court, omitted unrequested elements, where supported by evidence, will be supplied by presumption in support of the judgment. Refusal of the court to make a finding requested shall be reviewable on appeal."

The court concluded as a matter of law that:

"Such sale by the trustee was a valid sale and fairly made in compliance with the terms of the deed of trust and the statutes regulating such sale, and, therefore, cut off any equity of redemption theretofore existing in the defendant.

"The deed of the trustee passed a good and marketable title to said land, and the purchaser should have his title cleared of any cloud that has been cast upon the same by this suit."

We overrule all other assignments since such points relate to the action of the court in the findings of fact, or failure to make other findings, and the conclusions of law; and we have overruled the first point as hereinabove stated.

The trial court was privileged to weigh all of the testimony, to believe or disbelieve the testimony of the witnesses, and to pass on the credibility of the witnesses; and having done so in this case and having resolved the facts in favor of the plaintiff, we do not believe that the finding is so manifestly against the preponderance of the evidence as to require us to reverse the case and grant a new trial. 3–B Tex.Jur., pp. 454–463; 45 Tex.Jur., pp. 288–289; Funk v. Miller, Tex,Civ.App., 142 S.W. 24; Weatherford v. Coffin, Tex.Civ.App., 187 S.W.2d 406; 3–B Tex.Jur., pp. 457–463; Taylor v. Stanford, Tex.Civ.App., 229 S.W.2d 427.

The judgment of the trial court is affirmed.

Affirmed.