Gilbert BECKER, Appellant,

v.

Raymond J. SCHNEIDER, Appellee.

No. 10756.

Court of Civil Appeals of Texas.

Austin.

May 11, 1960.

Schleyer & Bartram, J. C. Reagan, New Braunfels, for appellant.

Edward Badouh, New Braunfels, for appellee.

GRAY, Justice.

Appellee, Raymond J. Schneider, sued appellant, Gilbert Becker, for damages to his automobile sustained when it collided with appellants' automobile. Appellant answered and filed a cross action for damages to his automobile sustained in said collision. At a nonjury trial a judgment was rendered awarding appellee damages and denying appellant any recovery on his cross action.

Appellant's six points are to the effect that: the evidence shows that appellee was guilty of contributory negligence as a matter of law; the original findings of fact and conclusions of law filed by the trial court are insufficient because they are too vague and indefinite and fail to make findings on every material issue; the supplemental findings by the trial court should be disregarded because they were not filed in accordance with Rules 296 and 297, Texas Rules of Civil Procedure and are insufficient as a matter of law; there was no evidence showing in what location or vicinity the damages were sustained; the "before and after" value of appellee's automobile was erroneously applied because appellee sued for the cost of repairs, and appellee failed to prove that the repairs to his automobile did not enhance its value.

At about midnight on August 24, 1957, appellant was making preparations to pull an automobile belonging to Donald Brasuell out of the bar ditch along Farm to Market Road No. 25 near New Braunfels. This road leads from New Braunfels to Seguin and runs generally from north to south. Brasuell's car was in the bar ditch on the west side of the road and was facing generally to the southwest. Appellant had arrived at the scene and had stopped his car facing northeast and partially on the paved portion of the highway. He had attached a cable to Brasuell's car with the intent of attaching it to his car and to then pull Brasuell's car from the ditch. At the time appellant's headlights were burning on the low beam, his car was facing north or rather northeast and the highway came over a hill to the north from where appellant's car was. The distance to this hill was estimated to be from 150 to 750 feet. While appellant was engaged as above stated appellee drove his car over the hill going toward Seguin.

Appellee testified that he was driving at about 45 miles per hour; that when he reached the top of the hill he saw the lights of an automobile in his lane of traffic; that at the time he thought it was crossing over to the opposite lane and that he stayed on his own right side of the highway; that as he approached the automobile another car was coming from toward Seguin and that if he had turned in front of the parked car he would have met the approaching car headon. Appellee said that when he got within about 80 feet of appellant's car he pulled onto the shoulder of the highway and then saw Brasuell's car in the ditch behind appellant's car; that he applied his brakes, that his car skidded on the loose gravel on the shoulder and that he struck appellant's car about its left rear door and fender and struck Brasuell's car near its right rear fender and bumper.

Appellee testified that he was in the car repair business and had been in such business since 1948. He said his car was a 1956 Mercury, four-door sedan and that it was damaged in the collision to the extent of $467. He detailed the damages to his car and said the total damage was $467.23 and that the value of his car im-

mediately before the accident was $2,100 and immediately after such value was at least $1,000 less.

Appellee's car was repaired at a total cost of $467.22 for which amount judgment was rendered for appellee.

Among other things the trial court found that appellee used all means available to him to avoid the collision and that if he had attempted to pass in front of appellant's car he would not have acted as a reasonably prudent person would have acted under the circumstances. He further found that appellee's car was damaged in the collision; that repairs were necessary; that the cost of such repairs was reasonable and amounted to the sum stated in the judgment and that the market value of appellee's car immediately after the accident was $467.22 less than it was immediately before. He found appellant was guilty of negligence in occupying the right lane of the highway "upon which plaintiff was traveling."

By appellant's first point he says that appellee was guilty of contributory negligence as a matter of law. He says that his car and its location on the highway was plainly visible; that it should have been observed and avoided by appellee and that in failing to do so appellee was guilty of contributory negligence as a matter of law. In support of his argument appellant cites authorities to the effect that a person cannot close his eyes to that which is plainly visible and to that which would have been observed by a person of ordinary prudence similarly situated.

We see no occasion here to discuss these authorities because they are not applicable to the facts before us. Appellee did see appellant's car, or its lights, and did observe its location and that it was in his lane of traffic. Appellee testified that he first thought that the car was crossing to the opposite lane, presumably because its lights were pointing to the northeast. He also said that because a car was approaching from toward Seguin he could not pass in front of appellant's car, that he then turned onto the shoulder of the highway and that when he was within about 80 feet

of appellant's car he for the first time saw Brasuell's car in the ditch behind appellant's, that he then applied his brakes and because of the loose gravel on the shoulder his car skidded and collided with the two cars. These facts simply present the issue whether appellee acted as a reasonably prudent person would have acted under the same or similar circumstances. 30–B Tex. Jur. p. 310, Sec. 97. The trial court resolved the issue in favor of appellee. There was evidence as to the width and condition of the shoulder of the highway however it is not shown to be such as to have prevented appellee from passing behind appellant's car if the Brasuell car had not been present. We do not understand appellant to argue to the contrary.

Even if it be said that appellee, at the time he attempted to pass appellant's car, knew such passing was attended by some degree of danger it cannot be said as a matter of law that he was guilty of contributory negligence in doing what he did do. 30–B Tex.Jur., Sec. 164, p. 430. There is sufficient evidence in the record from which the trial court could find as he did and that finding is binding here.

The judgment was rendered September 19, 1959 and thereafter appellant requested that findings of fact and conclusions of law be filed. The same were filed and on October 22, 1959, appellant excepted thereto, requested that additional findings and conclusions be filed and called attention to the fact that less than thirty days remained before the time for filing the record in this court. This request was called to the attention of the trial court October 28, 1959 and on November 3, 1959 the amended findings and conclusions were filed.

Appellant says that the amended findings and conclusions were not filed within five days after his request therefor and that under Rule 298, Texas Rules of Civil Procedure, the same cannot be considered, and that the original findings are not sufficient. He says however that if the amended findings be considered that they are not sufficient because they "fail to show" appellant

was guilty of any negligence proximately causing the complained of damages. After the trial court's attention was called to the request therefor the amended findings were filed on day late however at appellant's request they were included in the transcript which was delivered to appellant's attorney November 4, 1959. Under these facts appellant did not suffer delay nor injury because of the late filing and reversible error is not presented. Bostwick v. Bucklin, 144 Tex. 375, 190 S.W.2d 818.

█ The trial court found that appellant was guilty of negligence in "occupying the right lane of the highway upon which plaintiff was traveling." Under Rule 299, Texas Rules of Civil Procedure, this finding being one of the elements of recovery will authorize and support the implied finding that such negligence was a proximate cause of the collision and appellee's damage if such implied finding is supported by the evidence. We have set out the evidence which in our opinion supports this implied finding.

██ It is our opinion that because the record (statement of facts included) before us affirmatively shows that the judgment rendered is supported by the facts that appellant in any event has not been harmed by the filing or the failure to file findings. Wagner v. Riske, 142 Tex. 337, 178 S.W.2d 117, 120. There the court said:

"In spite of the above rules, a failure of a trial court to prepare and file findings of fact or conclusions of law under Rule 296, or additional or amended findings of fact or conclusions of law under Rule 298, will not call for a reversal of the trial court's judgment, if the record before the appellate court affirmatively shows that the complaining party has suffered no injury in the premises. San Antonio Water Works Co. v. Maury & Co., 72 Tex. 112, 12 S.W. 166."

The holding in Andrews v. Key, 77 Tex. 35, 13 S.W. 640, 641, is directly in point on the request for findings before us. There the court said:

"If there was any fact established by the evidence not found by the court, which in appellant's opinion should have appeared in the conclusions, he should have made a request for additional findings, and should have pointed out specifically in what respect the conclusions of fact filed by the court were deemed deficient."

In the case before us appellant excepted to the findings and conclusions of the trial court because:

"(1) The purported Findings of Fact and Conclusions of Law are insufficient as a matter of law, and amount to no findings of fact and conclusions of law at all.

"(2) The Findings of Fact and Conclusions of Law are not filed separately.

"(3) The purported Findings of Fact and Conclusions of Law are vague, indefinite, insufficient and inconclusive."

Appellant made no complaint of the absence of a finding as to proximate cause and made no request for a finding on that issue.

We are not advised in what county the collision occurred. Appellee's pleadings allege that he was traveling toward Seguin "and had left the county of Comal." Appellant in his brief says:

"The Appellee resides in New Braunfels, Comal County, Texas and although it is not completely clear, it appears that Appellee's automobile was repaired in Seguin, Guadalupe County, Texas."

█ Appellee testified that he had been in the car repair business since 1948, he detailed the damage to his car and said that the cost of its repair was reasonable. There was no objection to this testimony. It showed that the cost of repair was $467.22 for which amount the judgment was rendered. We think the judgment here is supported by this evidence and we further think that under the condition of this record we would not be authorized to reverse this judgment because it is not affirmatively

shown that the repairs were made in the same vicinity where the wreck occurred. Rule 434, Texas Rules of Civil Procedure.

Appellee was not required to allege the measure of his damages as this was a matter of law for the court. He did however limit the amount of his recovery to the amount sued for—the cost of repairs.

Appellee alleged:

"That as a proximate result of the negligence of the defendant as herein set forth, plaintiff's said automobile was so badly damaged and wrecked that he was obliged to spend the reasonable sum of $467.22 to have same repaired before it could be used again; to the plaintiff's damage in the sum of $467.22."

In Dallas Railway & Terminal Co. v. Strickland Transp. Co., Tex.Civ.App., 225 S.W.2d 901, 903, the court said:

"It has been held many times by our courts that the true measure of damages to personal property injured but not totally destroyed is founded upon the principle of fair compensation for the pecuniary loss sustained. The rule adopted in measuring such damages is ordinarily the difference in value of the article damaged immediately before and immediately after the damage. It is only in exceptional cases that this rule does not embrace all the recoverable elements of damage and it is supported by the great weight of authority in this jurisdiction and many others. Chicago, R. I. & G. R. Co. v. Zumwalt, Tex.Com.App., 239 S.W. 912; Tinney v. Williams, Tex.Civ.App., 144 S.W.2d 344, and authorities cited in those cases.

"It has likewise been held in numerous cases that the reasonable costs of repairs to a vehicle damaged in a collision by negligence, so as to restore it to its condition before it was damaged, is an acceptable and proper measure of the damage. In those cases, however,

that was the measure of damages pleaded by the plaintiff and upon which judgment was sought."

Applying this rule to the facts before us there is evidence to support the judgment rendered.

Appellee testified over appellant's objection that the market value of his car immediately after the collision was $1,000 less than such value immediately before. Appellee testified that he knew about values of automobiles. We think the objection was properly overruled. The trial court found that the market value of appellee's car was $467.22 less after the accident than it was before. We think there was proof that the value of appellee's car was not enhanced by the repairs.

We have considered appellant's points 1–6 both inclusive and because it is our opinion that reversible error is not presented, the judgment of the trial court is affirmed.

Affirmed.