**Billy RYAN, Appellant,**

v.

**Herbert BOOKMAN et al., Appellees.**

No. 14190.

Court of Civil Appeals of Texas.

Houston.

Oct. 10, 1963.

Rehearing Denied Nov. 7, 1963.

Bernard A. Golding, Houston, for appellant.

Richard O. Werlein, Seabrook, for appellees.

COLEMAN, Justice.

This is an appeal from a judgment for plaintiff entered in a rear-end collision case.

Appellant relies on a single point of error: that there was no evidence, or insufficient evidence, to establish the damages awarded.

In argument under this point appellant complains that there is no basis in the record for the award to Ray Stevens as guardian ad litem. The judgment recites that Ray Stevens was duly "appointed and later dropped as Guardian Ad Litem and has heretofore by order of this Court dated 18 May 1962 been granted the sum of Seventy-Five Dollars ($75.00) for his services, same to be taxed as costs of Court; * * *" This order does not appear in the transcript, nor is there a bill of exception presenting the facts surrounding the order. In support of the trial court's judgment, it will be presumed that the order was entered properly after all the requirements of the law were satisfied.

Appellant's contention, that there was no evidence, or insufficient evidence, to establish the damage to appellee's car suffered as a result of the collision, is without merit. Becker v. Schneider, Tex.Civ.App., 335 S.W.2d 850; Pasadena State Bank v. Isaac, 149 Tex. 47, 228 S.W.2d 127.

Nor can the contention be sustained that the award to Consolidated Lloyds of Dallas, Texas, is not supported by evidence. While no evidence was introduced to show that Consolidated Lloyds was subrogated to any recovery on the part of the plaintiff, and plaintiff's pleading is somewhat irregular, we think the pleading sufficient as an acknowledgment of a subrogation agreement and a prayer for proper division of any judgment recovered by plaintiff. Since the trial court was authorized to enter a judgment in

favor of plaintiff in the sum of $296.36, the judgment entered dividing the award between plaintiff and Consolidated Lloyds was proper. In any event, appellant cannot complain of the court's action since he has not been injured thereby. Langley v. Norris, 141 Tex. 405, 173 S.W.2d 454, 148 A.L.R. 555; Barrington v. Cokinos, Tex.Civ. App., 339 S.W.2d 330, certified question answered 161 Tex. 136, 338 S.W.2d 133.

The judgment of the trial court is affirmed.