THE STATE ex rel. JOHN MILLS, Collector of City of Aurora, v. KATHARYN FLEMING et al., Appellants.

### Division Two, July 16, 1918.

1. **TAXATION: Lots Leased for Military Purposes: Exception.** The statute (Sec. 8378, R. S. 1909) providing that "all buildings leased by the State for military purposes shall be exempt from taxation for all purposes during the period of such lease and use" contains no exception, and if it is not in conflict with the constitutional provision which exempts property "of the State" and declares that all laws exempting property other than that enumerated shall be void, property leased for the National Guard is not subject to taxation, whether it is used exclusively for such purpose or not.

2. ———: ———: **Exception as to Exclusive Use.** The decisions which hold that property is not exempt from taxation unless used "exclusively" for educational, charitable or religious purposes, are not controlling in determining whether buildings leased by the State for military purposes shall be exempt, because they interpret a statute requiring such "exclusive use," whereas the statute concerning the leasing of property for military purposes contains no such provision.

3. ———: ———: **Buildings Mean Lots.** The evident intention of the statute declaring that "all buildings leased by the State for military purposes shall be exempt from taxation for all purposes during the period of such lease or use" was that the lot upon which the buildings are situated should be exempt.

4. ———: ———: **Constitutionality of Statute: Not Decided.** Where in the suit for taxes the defendant pleaded that the lots were exempted by the statute declaring that "all buildings leased by the State for military purposes shall be exempt from taxation for all purposes," and the plaintiff did not plead that such statute is unconstitutional, the court is not called upon to rule that such statute is violative of the provision of the Constitution which exempts property "of the State" and certain other property enumerated and declares that all laws exempting property other than that enumerated shall be void.

5. ———: **Premature Suit.** A suit filed in December, 1913, for the taxes assessed in 1912, which were payable in 1913, is premature, because the taxes were not delinquent until January, 1914.

Appeal from Lawrence Circuit Court.—*Hon. Carr Mc-Natt,* Judge.

REVERSED AND REMANDED.

*John L. McNatt* for appellant.

(1) The taxes for 1912 were not subject to suit until the first day of January, 1914. Therefore this suit brought on the eighth day of December, 1913, was premature, and the admission in evidence of the tax bill containing such tax was error. R. S. 1909, sec. 11491; State ex rel. Hudson v. Carr, 178 Mo. 229. (2) All Armories owned by the State and all buildings leased by the State for military purposes shall be exempt from taxation for all purposes during the period of such ownership, lease or use. Therefore the testimony that this property was partially used for other purposes was incompetent as a defense, and an attempt to read into the statute something not intended by the Legislature. R. S. 1909, sec. 8378.

*H. H. Bloss* for respondent.

(1) The statutes relating to the bringing of suits is not the same where the party defendants are residents or non-residents. In cases of non-residents the Statute provides that where service can be had on them the plaintiff is not required to wait one year after the tax becomes delinquent. R. S. 1909, sec. 11506. (2) Exemption from taxation must be in terms too plain to be mistaken, and should be confined to the strict terms of the law granting it. Pacific Railroad Co. v. Cass County, 53 Mo. 17; State ex rel. v. Railroad Co., 89 Mo. 523; State ex rel. v. Railroad Co., 99 Mo. 30; State ex rel. v. Arnold, 136 Mo. 446. (3) Where a statute exempts a building from taxation because of its use for some purpose which the State does not desire to tax and exempts because of that reason by such statute and the Constitution, then the building must be exclusively used

for that purpose, and where the owners derive a benefit from other businesses through the property, the same is not exempt.   North St. Louis Gymnastic Society v. Hudson, 12 Mo. App. 342, 85 Mo. 32; State ex rel. v. McGurn, 187 Mo. 238; Fitterer v. Crawford, 157 Mo. 41. (4) Exemptions being in derogation of equal rights are not to be favored by the courts.   State ex rel. v. Johnson, 214 Mo. 656.

WHITE, C.—The suit is brought by the collector for the city of Aurora to recover taxes for the years 1907 to 1912 inclusive, charged against Lot 7, Block 6, of the original survey of the city of Aurora.   The circuit court rendered judgment for plaintiff for all taxes except for the year 1907.

The answer, among other things, pleads that the lot described in the petition was leased and rented to the State of Missouri for military purposes and was used by the National Guard of the State of Missouri. The reply of the respondent contains a general denial, and other matters which are not set out in the abstract.

On the trial, after the plaintiff introduced the tax-bill and rested, the defendant introduced Colonel W. A. Raupp, Colonel of the Second Regiment of the National Guard of Missouri.   He testified that Company G of the Second Regiment, part of the time under a verbal lease and part of the time under a written one, had used the building on the premises as an armory all the time during the years for which the taxes sued for were assessed, excepting a short period of a few months; that fifty dollars a month was paid for the use of the building for the military band and Company G.

An accurate description of the building does not appear in the record. Enough is shown to indicate that there was a basement, a main floor called the "Auditorium" on the ground floor, and rooms occupying part of the space upstairs; whether the second floor covered all the space or not is not shown. Once a week at night the Company used the main room, called the auditorium, for the purpose of drill, and also at such other times as they

desired to use it for the purpose of inspection; the Company was inspected by a Government official at irregular intervals. The military band also occupied portions of the building. During part of the period the basement was used for an arsenal, and the guns were stored there; during all the period it was used for the purpose of bath and toilet by men of the Company. The janitor of the building had rooms upstairs and some of the offices were used by the Company.

Colonel Raupp testified that a couple of rooms were cut out down-stairs for offices and used by someone else, and possibly two rooms upstairs. It was also shown that there were billiard tables in the basement, but whether they were used by the Company, in connection with the military occupation, or by other tenants was not shown. At times some part of the building "was made into a theatre and used for a skating rink." That appears to be the room used by the Company for its drills. Whether this use was merely permissive by the military authorities in charge, or whether there were other tenants that had exclusive use of the Auditorium at certain periods, is not shown. The evidence is very indefinite as to the extent of the use of the building, but the military band and Company G had access to practically all parts of it. There was no definite restriction of their right either as to the time of use or parts to be occupied. No evidence appears as to whether anybody paid rent to the owners for the use of any part of the building other than that paid by the military organization. But it seems the military authorities paid a reduced rent on account of the supposed exemption of the building from taxation.

The statute under which the defendants claim exemption from taxes is as follows:

Section 8378, Revised Statutes, 1909: "All armories owned by this State or by any organization of the National Guard, and all buildings leased by the State for military purposes, shall be exempt from taxation for all purposes during the period of such ownership, lease and use."

The respondent cites several cases showing that certain property claimed as exempt from taxation must be "exclusively used" for the purpose for which the statute creates the exemption. [State ex rel. v. Johnson, 214 Mo. 656; Fitterer v. Crawford, 157 Mo. 51; N. St. L. Gymnastic Soc. v. Hundson, 12 Mo. App. 342.] These cases, and many others of like character, construe Section 11335, Revised Statutes, 1909. That section creates exemption from taxation for certain kinds of property, and among them real estate and buildings thereon, which "are used exclusively" for religious worship, schools or charitable purposes. In all cases where property is claimed to be exempt on the ground that it is used for such purposes the exemption is not allowed if a part of the premises is used for commercial purposes. For instance, a building used for a Young Men's Christian Association, where a portion of the ground floor of the building was rented for stores was not exempt. [State ex rel. v. Y. M. C. A., 259 Mo. 233.] In a case where the premises owned by the Order of Elks, a charitable organization, were used for dancing and social parties where meals and refreshments, including liquors, were served to the members and guests, it was held subject to taxation because not exclusively used for the charitable purposes of the order. [B. P. O. E. v. Koeln, 262 Mo. 444.]

Such cases are not controlling, because they interpret an entirely different statute from the one under consideration here. The "exclusive use" provided for in the section mentioned and its absence in the statute relating to armories, indicates a clear intention of the lawmakers to have a different test applied. Section 8378 quoted above provides that "all buildings *leased* by the State for military purposes shall be exempt from taxation for all purposes during the period of such . . . lease and use." No exception is provided in case the building may also be used for other purposes during the period. The exemption applies in every case where the building is so leased and used.

275 Mo.—33

There is no provision in the taxation laws for separation of a building from the ground for taxation purposes; when the building is exempt from taxation it necessarily exempts the ground upon which it is situated; evidently that was the intention.

The reply of the plaintiff is not set out in full, and if the constitutionality of Section 8378 is raised in the pleading it does not appear from the abstract of the record, though it could have been so raised, because the answer pleads a defense under that section. From the argument presented in the briefs it appears that it was not so raised. Therefore, we are not called upon to decide whether that part of that section which provides that armories "leased by the State for military purposes" is constitutional, under Section 6 of Article 10 of the Constitution which exempts property *"of the State,"* with other property enumerated, and Section 7 of that article which provides that all laws exempting property other than that enumerated "shall be void."

The suit was filed December 8, 1913. In that case the taxes assessed for the year 1912, which were payable in 1913, were not delinquent until January, 1914, and the suit was premature in any case as to that part of the bill.

The judgment is reversed and the cause remanded. *Roy C.,* concurs.

. PER CURIAM—The foregoing opinion by WHITE, C., is adopted as the opinion of the court. All of the judges concur.