## DALLAS COUNTY BOIS D'ARC ISLAND LEVEE DIST. v. GLENN. (No. 689–4599.)

(Commission of Appeals of Texas, Section B. Nov. 17, 1926.)

**1. Levees and flood control ⬅⟹25—Final judgment of commissioners of levee district has same conclusiveness as judgment by court of general jurisdiction (Laney Act).**

Final judgment of commissioners of appraisement of levee district, under Laney Act (Rev. St. 1925, arts. 7972–8042), assessing damages and benefits, is a permanent record having same conclusiveness as judgment of domestic court of general jurisdiction and is to be accorded same presumptions with reference to setting it aside or amending its provisions.

**2. Levees and flood control ⬅⟹25—Defense, in suit for levee improvement tax, that commissioners exceeded authority held collateral attack against judgment of commissioners (Laney Act).**

In levee district suit for improvement tax, under Laney Act (Rev. St. 1925, arts. 7972–8042), defense that commissioners of appraisement exceeded powers in including benefit not within plan of reclamation is collateral attack against judgment of commissioners.

**3. Judgment ⬅⟹457—Parties whose interests are materially affected by judgment are "necessary parties" to direct attack on judgment.**

In direct attack on judgment, all parties whose interests are directly and materially affected by judgment are "necessary parties."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Necessary Parties.]

**4. Levees and flood control ⬅⟹25—Bondholders of levee district are interested parties in attack on judgment of commissioners assessing benefits (Laney Act).**

In attack on judgment of commissioners of appraisement of levee district assessing damages and benefits, under Laney Act (Rev. St. 1925, arts. 7972–8042), to land within district, bondholders of district are interested parties.

**5. Levees and flood control ⬅⟹27—Allegation that benefit not within plan of reclamation was assessed against defendants held not sufficiently definite to make judgment assessing benefits invalid.**

Answer to suit for improvement tax by levee district that commissioners of appraisement included benefit not within plan of reclamation *held* not sufficiently definite and certain to render judgment of commissioners invalid.

**6. Levees and flood control ⬅⟹25—Allegation of improper inclusion of benefits is not valid collateral attack against judgment of commissioners of appraisement of levee district assessing benefits (Laney Act).**

Allegation that commissioners of appraisement of levee district exceeded powers, under Laney Act (Rev. St. 1925, arts. 7972–8042), in including benefit not within plan of reclamation does not constitute valid collateral attack on judgment of commissioners assessing benefits to land within district.

**7. Levees and flood control ⬅⟹25—Allegation of absence of jurisdictional fact shown by record is necessary for valid collateral attack against judgment of commissioners of appraisement of levee district (Laney Act).**

Valid collateral attack against judgment of commissioners of appraisement of levee district assessing benefits to land, under Laney Act (Rev. St. 1925, arts. 7972–8042), requires allegation of absence of jurisdictional fact rendering judgment void and allegation that record affirmatively shows absence of such jurisdictional fact.

**8. Levees and flood control ⬅⟹27—Presumption that only benefits resulting from plan of reclamation were assessed by commissioners of appraisement of levee district is conclusive against allegation requiring evidence dehors record (Laney Act).**

Commissioners of appraisement of levee district, having power, under Laney Act (Rev. St. 1925, arts. 7972–8042), to assess all benefits within district by construction of improvements under plan of reclamation, are conclusively presumed to assess only benefits resulting from plan as against allegation to contrary requiring evidence dehors record.

**9. Levees and flood control ⬅⟹27—Evidence dehors record to show assessment of unauthorized benefits is not admissible to attack judgment of commissioners (Laney Act).**

Where record in suit for improvement tax failed to disclose character of benefits assessed, evidence that benefit assessed against defendant's land was not included in plan of reclamation is not admissible to attack judgment of commissioners of appraisement assessing benefits, under Laney Act (Rev. St. 1925, arts. 7972–8042).

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Suit by the Dallas County Bois D'Arc Island Levee District against M. C. Glenn. Judgment of district court for plaintiff was affirmed by the Court of Civil Appeals (275 S. W. 137), and reversed and remanded on rehearing (282 S. W. 339), and plaintiff brings error. Reversed, and judgment of district court affirmed.

The dissenting opinion of Chief Justice Jones, adopted by the court, is as follows:

Unable to agree with the conclusion of the majority of this court that the judgment of affirmance heretofore entered in this case should be set aside and a judgment entered reversing and remanding same, it has become necessary for me to file this dissenting opinion.

The trial court sustained a general demurrer to appellant's answer, and this ruling resulted in the judgment in favor of appellee. In the opinion of the majority of the court this ruling was error, because of an allegation in said answer to the effect that the

commissioners of appraisement exceeded their powers in the assessment of benefits against appellant's land, for the reason that, in assessing these benefits, they included a benefit arising from hill drainage, when improvement by hill drainage was not within the plan of reclamation. In order to understand the ruling of the trial court in sustaining the demurrer, it is necessary to bear in mind that appellee is a duly organized and existing reclamation district, organized for the purpose of improving and reclaiming land within said district; that there had been legally adopted a plan of reclamation which provided for the character of improvements that were to be made by appellee; that these improvements were to be made by the proceeds arising from the issuance and sale of bonds by appellee; that the basis of credit for the issuance of the bonds rested solely upon the benefits assessed against the land within the appellee district, and the amount of such benefits was to be determined by a duly authorized board called "commissioners of appraisement," and assessed by such board against said lands to which benefits would result from the construction of the improvements; that these assessed benefits would become the basis for an annual tax levy to be made against these said lands and their owners, to continue until the bonded obligations of the district had been discharged; that benefits were assessed by said commissioners in named amounts against the various tracts of land owned by appellant and included within the bounds of the appellee district; that an annual tax levy was duly made on all the lands on which benefits had been assessed; that appellant was in default in the payment of the tax thus assessed against him, and this suit was instituted under the provisions of law to enforce the payment of such taxes; that appellant answered said suit, alleging the defensive matters described in the opinion of the majority of this court, and in which defensive allegations was the one above named.

It should further be borne in mind that when the commissioners of appraisement have determined the benefits that will result to the said land from the scheme of improvement, as well as the damages that will likewise result therefrom, they are required by law to embody their findings in a written report and to notify all parties interested in such findings to appear before them at a designated time and offer whatever protests they might desire to make against the findings that affected their lands. After such hearing a final report is prepared embodying their findings or modified findings, and this report is entered in the minutes of the board of supervisors as the final judgment on the matter of benefits and damages, and is filed for record in the office of the county clerk of each county in which a portion of the district may be situated. The pleadings show that in the instant case the law in respect to all of these matters was fully complied with by the commissioners of appraisement, and appellant's pleadings show that he appeared before the commissioners of appraisement at the time designated for a hearing of any protest that he might desire to make in reference to benefits assessed against his lands. With the assessments of benefits against the land within the appellee district as a basis for credit, bonds were duly issued and sold and the improvements provided for by the plan of reclamation undertaken with the proceeds of the sale of the bonds.

[1] It is thus seen that the final judgment of the commissioners of appraisment assessing damages and benefits to land within the appellee district is made by law a permanent record, available for inspection to any one who may have an interest therein. Not only does the law provide that this judgment shall become a permanent record, but such judgment is given the same conclusiveness and finality that is given to judgments and decrees of domestic courts of general jurisdiction. This legislative declaration is couched in the following language:

"The findings of the commissioners as to benefits and damages to lands, railways and other property within the district shall be final and conclusive."

This enactment is based upon sound public policy, and on its observance rests the security of the state that the beneficent effect of the Laney Act (Rev. St. 1925, arts. 7972–8042) may be realized. These assessed benefits are the only basis for credit possessed by a reclamation district organized under this act, and, unless the law makes this credit secure and unchangeable, such a district could not sell its bonds, and the purpose of its organization could not be effected. The effect of the enactment as to the finality and conclusiveness of this judgment of the commissioners of appraisement is to give to such judgment the same presumptions that are accorded judgments and decrees of courts of general jurisdiction, and to apply to it the same rule of law in reference to setting it aside or amending its provisions. The writer therefore applies in this case the rules of law which would apply were this a judgment of a domestic court of general jurisdiction.

[2-5] It is therefore obvious that the character of attack made by this allegation on this judgment must first be determined in reference to whether it is direct or collateral. The opinion of the Supreme Court, through the Commission of Appeals, in answer to the certified questions in this case, clearly holds that the answer of appellant constituted a collateral attack on the said judgment. Glenn v. Dallas County Levee Dist., 268 S. W. 452. Indeed, it cannot be conceived that any other holding could have been made.

This attack is made against the jurisdiction of the commissioners of appraisement, not as a cross-action in the nature of a bill of review, whose specific purpose is to set aside or correct such judgment, for it is deficient both in substance and parties required of such a pleading and is therefore merely a plea in bar of appellee's suit. In a direct attack on a judgment, all parties whose interests are such that they would be directly and materially affected by the judgment are necessary parties. In its last analysis, the only parties really at interest in whether this judgment should be upheld or set aside are the bondholders, who are not made parties to this action. In addition to this defect, the allegation under review does not point out with that definiteness and certainty required in such a pleading in reference to the things which would render a judgment invalid. Crawford v. McDonald, 33 S. W. 325, 88 Tex. 626; Estey & Camp v. Williams, 133 S. W. 470, 63 Tex. Civ. App. 323; Smith v. Perkins, 16 S. W. 805, 81 Tex. 152, 26 Am. St. Rep. 794; Brooks v. Powell (Tex. Civ. App.) 29 S. W. 809.

[6, 7] Does the allegation in question constitute a valid collateral attack on the judgment of the commissioners of appraisement? We do not think so, for in such an attack on a judgment it is not only necessary to allege the absence of the jurisdictional fact which renders the judgment void, but, also, to allege that the record affirmatively shows the absence of such jurisdictional fact. 34 C. J. 532. This rule of law is abundantly established by our own decisions.

In the case of Crawford v. McDonald, supra, the Supreme Court said:

"Since the rule of public policy above referred to precludes inquiry in a collateral attack into even a jurisdictional fact, when the evidence thereof does not appear from the face of the record, it must follow, for stronger reasons, that the judgment in this case affirming the sale cannot be attacked collaterally by evidence dehors the record to the effect that the sale was not in fact made at the place required by law."

In Oliver v. Bordner (Tex. Civ. App.) 145 S. W. 656, the court said:

"It is a general rule of law in this state that in a collateral proceeding the only contingency in which the judgment of a domestic court of general jurisdiction which has assumed to act can be questioned is where the record affirmatively shows that jurisdiction did not attach."

In Murchison v. White, 54 Tex. 82, it is said:

"It is believed that a careful analysis of the cases on this subject will show that, in a collateral proceeding, the only contingency in which the judgment of a domestic court of general jurisdiction, which has assumed to act in a case over which it might by law take jurisdiction of the subject-matter and the person, can be questioned, is when the record shows affirmatively that its jurisdiction did not attach in the particular case."

In Williams v. Haynes, 13 S. W. 1029, 77 Tex. 283, 19 Am. St. Rep. 752, it is said:

"It is settled that a judgment of a court of competent jurisdiction cannot be collaterally impeached unless the record affirmatively shows the want of jurisdiction."

Similar quotations from the higher courts of this state might be carried on to an indefinite length, but the above are sufficient to show the settled law of this state in reference to the question under review.

[8, 9] Is there anything in the record to suggest that the commissioners of appraisement in assessing benefits went beyond the plan of reclamation and made hill drainage an element of the benefits assessed? Appellant does not allege that such fact is so shown, and the record as presented to this court merely shows the assessment of benefits, without describing the character of benefits considered in making the assessments. The commissioners of appraisement had the power and jurisdiction to assess all benefits that would result to appellant's land by the construction of improvements under the plan of reclamation. The presumption of law is that only benefits resulting from said plan were assessed, and this presumption is conclusive against any allegation to the contrary that would require evidence dehors the record to establish the facts alleged. It will require evidence dehors the record to establish the fact that an element entering into the benefits assessed against appellant's land was that of hill drainage. Under the authorities above quoted, such evidence was not admissible to establish the attack made upon the judgment by the allegation in question.

As it affirmatively appears from the pleading in this case that, before the judgment of the commissioners of appraisement fixing the benefits to be assessed against appellant's land can be declared invalid, evidence other than that shown by the record must be offered, the writer is of the opinion that the court correctly sustained the general demurrer.

Gorce, Odell & Allen, of Fort Worth, and Crane & Crane and W. P Dumas, all of Dallas, for plaintiff in error.

Spence, Haven & Smithdeal and Stroud & Lucas and M. C. Glenn, all of Dallas, for defendant in error.

POWELL, P. J. The final opinion of the majority of the Court of Civil Appeals in this case is reported in 282 S. W. 339. The dissenting opinion by Chief Justice Jones of that court is reported in the same volume, page 346. The latter opinion correctly states the law governing this case and does so in so clear and able a manner that we see no necessity for writing anything further ourselves. We merely refer to his opinion as an expres-

sion of our views and the reasons which impel us to recommend the judgment hereafter outlined.

As shown by Chief Justice Jones, this case has heretofore been before our court. We answered certified questions, and our opinion, written by Judge Stayton, was adopted by the Supreme Court. See 114 Tex. 325, 268 S. W. 452. As we there held, this attack on the judgment of the board of appraisers of this levee district is essentially a collateral one. That being true, it is equally clear to us that the judgment is not subject to an attack of that character. Chief Justice Jones states the reason for this conclusion.

We recommend, in line with the dissenting opinion by Chief Justice Jones, that the judgment of the Court of Civil Appeals be reversed and that of the district court affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed.