DANCY et al. v. WELLS et al. (No. 8031.)*

Court of Civil Appeals of Texas. San Antonio. June 6, 1928.

Rehearing Denied June 27, 1928.

1. Constitutional law ⊙⊃290(3)—Navigable waters ⊙⊃8½—Statute authorizing creation of navigation districts held not violative of due process of law as not providing for hearing on special benefits (Acts 39th Leg. [1925] c 5, §§ 2, 7, 8; Const. Tex. art. 16, § 59; Const. U. S. Amend. 14, § 1).

Acts 39th Leg. (1925) c. 5, authorizing creation of navigation districts enacted under authority of Const. Tex. art. 16, § 59, held not violative of due process of law provisions of state Constitution or Const. U. S. Amend. 14, § 1, because no provision was made for hearing on question of special benefits; hearing before commissioners' court on petition to create district pursuant to public notice, as required by sections 2, 7, and 8, of said act, being sufficient.

2. Navigable waters ⊙⊃8½—Statute authorizing creation of navigation districts held not invalid as authorizing commissioners' courts to create districts out of territory outside county; "county business" (Acts 39th Leg. [1925] c. 5; Const. art. 1, §§ 2, 19, art. 5, § 18, art. 8, § 1, art. 9, § 1, subd. 3, art. 16, § 59).

Acts 39th Leg. (1925) c. 5, authorizing creation of navigation districts enacted under authority of Const. art. 16, § 59, held not invalid under article 9, § 1, subd. 3, article 5, § 18, article 1, §§ 2, 19, article 8, § 1, because conferring on commissioners' courts authority to organize districts out of territory outside of county boundaries; authority of commissioners' courts over "county business" not being restricted merely to business of county in and for which court was created in view of art. 5, §§ 1, 8, Rev. St. 1925, arts. 2351, 8263, § 2.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, County Business.]

3. Navigable waters ⊙⊃8½—Navigation district is "public municipal corporation," and cannot be dissolved, destroyed, or its powers cut down, except in direct suit by state (Acts 39th Leg. [1925] c. 5; Const. art. 16, § 59; Rev. St. 1925, arts. 1319, 7466).

Navigation district, created by commissioners' court under Acts 39th Leg. (1925) c. 5, pursuant to Const. art. 16, § 59, is a "public municipal corporation" within Rev. St. 1925, arts. 1319, 7466, and cannot be dissolved or its powers cut down or destroyed in any private suit or litigation except in a direct suit by the state in nature of quo warranto.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Public Corporation.]

Appeal from District Court, Cameron County; A. M. Kent, Judge.

Suit by Joseph K. Wells against Oscar C. Dancy and others constituting the Commissioners' Court of Cameron County, Tex., and others, in which Francisco Armendaiz, Successors, a copartnership, intervened. From an adverse judgment, defendants appeal. Reversed and rendered.

Ball, Merrill & Grinstead, of Houston, and C. M. Wunderman and Duval West, Jr., both of Harlingen, for appellants.

C. K. Richards, Davenport, West & Ransome, and Seabury, George & Taylor, all of Brownsville, for appellees.

COBBS, J. Joseph K. Wells, appellee, a taxpayer, instituted this suit to restrain appellants, Oscar C. Dancy, Constant Laroche, S. H. Bell, Jr., A. V. Logan, and J. F. Baughn, as being and constituting the commissioners' court of Cameron county, Tex., appellants, J. J. Fox as tax collector, Mrs. A. W. Cocke as county treasurer, and Marvin Hall as county attorney, respectively, of Cameron county,

and appellants, J. B. Chambers, Tyre H. Brown, and J. R. George, as "navigation commissioners" of an alleged "navigation district," from collecting a tax sought to be levied by the commissioners' court of Cameron county on his lands situated within the boundaries prescribed in an order of the commissioners' court of Cameron county, which undertook to create the "Arroyo Colorado navigation district of Cameron and Willacy counties."

The original plaintiff's land affected by the proposed tax is located wholly within Cameron county, Tex. Subsequently Francisco Armendaiz, Successors, a copartnership, which owns land affected by the proposed tax, situated both in Cameron and in Willacy counties, intervened. Both plaintiff's original petition, and the subsequent petition of the interveners, attacked the constitutionality of act of the Thirty-Ninth Legislature of Texas under which the proposed navigation district was sought to be incorporated, and also attacked the proceedings by which the creation of such district was attempted, complete copies of which were attached and made exhibits to plaintiff's original petition, as being void on their face, assuming the constitutionality of the law, in that it appeared on the face of the record that such proceedings were had without the notice prescribed by law for the character of hearings prescribed in said act.

Both plaintiffs' and interveners' petitions having been presented to the court as applications, first, for a temporary restraining order, and, second, as an application for a temporary injunction pending the final termination of the suit, the judge of the district court of Cameron county, on February 22, 1928, entered his order granting such temporary injunction in terms as follows:

"Be it remembered that on February 22, 1928, the original petitions of plaintiff, Joseph K. Wells, and of intervener, Francisco Armendaiz, Successors, were duly presented to the judge of this court as applications for temporary writs of injunction, respectively, and came defendants, Oscar C. Dancy, Constant Laroche, S. H. Bell, Jr., A. V. Logan, J. F. Baughn, J. J. Fox, Mrs. A. W. Cocke, and Marvin Hall, J. B. Chambers, Tyre H. Brown, and J. R. George, by answer filed and by counsel, and the judge of this court, after being advised by counsel, took under advisement the matter of granting or refusing said applications for temporary injunctions, and having duly considered said petitions and answer, and the briefs and argument of counsel, is of the opinion:

"I. That so much of chapter 5 of the Acts of the Regular Session of the Thirty-Ninth Legislature of Texas (General Laws 1925, Regular Session, page 7), as provides for the incorporation of navigation districts, including portions of more than one county, is unconstitutional and void:

"(a) Because in violation of the due process of law provisions of the Constitutions of Texas and of the United States as declared by the Supreme Court of the United States in Browning v. Hooper, 269 U. S. 396, 46 S. Ct. 141, 70 L. Ed. 330, in that it provides for the creation of a taxing district without making any provision to determine by process of law whether the property sought to be included in such taxing district would be benefited by the proposed public improvement for which it is to be taxed, in which respect it differs from the levee improvement district statutes construed in Glenn v. Dallas County Bois D'Arc Island Levee District, 114 Tex. 325, 268 S. W. 452; Id. (Civ. App.) 275 S. W. 137; Id. (Civ. App.) 282 S. W. 339; Id. (Com. App.) 288 S. W. 165; Prudential Ins. Co. v. Dallas County Levee District (Tex. Civ. App.) 296 S. W. 974; Rutledge v. State (Tex. Com. App.) 292 S. W. 164, and the special improvement district statutes construed in Trimmier v. Carlton, 116 Tex. 572, 296 S. W. 1070, and State ex rel. Merriam v. Ball, 116 Tex. 527, 296 S. W. 1085.

"The navigation districts provided for in the act cited being taxing districts pure and simple, and not, as in the other cases, special benefit districts, and the only provision for a hearing provided by the navigation district statute being to determine whether or not the proposed improvement is feasible and practicable, and of public benefit, and not whether the particular property sought to be taxed will share in such public benefits.

"(b) Because the provisions of said navigation district statute, which authorize the commissioners' court of the county in which is located the greater amount of acreage of the proposed district, upon the presentation to it of the petition as prescribed in said statute, to take, and thereafter, with the consent of a majority of the qualified voters of the entire proposed district, perpetually retain, jurisdiction of such entire navigation district and levy taxes on property situated in both counties, is contrary to the provisions of: (1) Subdivision 3, § 1, art. 9, Constitution of Texas; (2) section 18, art. 5, Constitution of Texas; (3) section 2, art. 1, Constitution of Texas; (4) section 19, art. 1, Constitution of Texas; (5) section 1, Fourteenth Amendment to the Constitution of the United States; (6) section 1, art. 8, Constitution of Texas.

"II. Plaintiff and intervener, as taxpayers affected, have, under the authority of Parks v. West, 102 Tex. 16, 111 S. W. 726, and Hunt v. Atkinson (Tex. Civ. App.) 300 S. W. 656, the right to invoke the protection of the equitable powers of the courts of Texas to restrain the collection of an illegal tax.

"III. The judge of this court being of the opinion that the act of the Legislature of Texas under which the proposed 'Arroyo Colorado navigation district of Cameron and Willacy counties' was sought to be created, is, as applied to the attempt to create such district, clearly unconstitutional and void, no other questions raised by the pleadings and briefs of the parties have been considered or decided in rendering this judgment, which is that the applications of plaintiff and intervener for a temporary writ of injunction in terms as prayed for by them, is hereby granted; and the clerk of this court is ordered and directed to issue a writ of injunction, commanding defendants and each of them, their agents, attorneys, and employees, from: (a) Collecting, or attempting to collect, the said pretended tax levied upon plaintiff's lands for the year 1927; (b) reporting said tax

delinquent, or assessing against the amount thereof any purported penalty or interest; (c) filing any suit or otherwise attempting to fix and foreclose a lien on plaintiff's said, land situated within the boundaries of said purported 'Arroyo Colorado navigation district of Cameron and Willacy counties,' to enforce the payment of said tax; (d) expending any sum whatever from the proceeds of the sale of said void bonds; (e) expending any sums collected as taxes upon other lands situated within said district, pending the further orders of 'this court— upon the filing by plaintiff and intervener (or either of them) of a bond for injunction in the penal sum of $10,000, payable to defendants, and conditioned as prescribed by law."

Appellants' brief does not state in the proper place the nature and result of the case, though briefed elaborately.

[1] The first contention of appellants is that chapter 5 of the Acts of the Regular Session of the Thirty-Ninth Legislature of Texas, under which the Arroyo Colorado navigation district of Cameron and Willacy counties was created, was valid and provided for a hearing as to benefits to.be derived from the creation of a proposed navigation district, and, even though the said acts had not so provided, still it would not be unconstitutional, and would not be in conflict with the Fourteenth Amendment of the Constitution of the United States nor of Texas.

Chapter 5 of the Acts of the Regular Session of the Thirty-Ninth Legislature provides for a hearing as to benefits to be derived from the creation of a proposed navigation district. This authority is set out fully in article 16, § 59, of our Constitution—House Bill No. 139, which is chapter 5, p. 7, of the General Laws, 39th Leg., as follows: .

"Chapter 5. An act providing for the development and improvement of navigation of the inland and coastal waters of this state pursuant to section 59 of article 16 of the state Constitution; providing for the preservation and conservation of inland and coastal waters of this state under said constitutional provisions; providing for navigation districts; providing for the raising of the necessary funds, the issuance of bonds, and the levying and collection of necessary taxes for such purpose; providing all things necessary and incident to such purpose and subject to and declaring an emergency."

This act follows article 8263, Vernon's Annotated Texas Statutes, p. 344, vol. 21, and is therein entitled, "Additional Legislation, Acts 1925, p. 7."

R. W. Baxter, a resident property taxpayer of the navigation district, and 64 others with the same qualifications, 37 of whom reside in the county of Cameron, and 28 of whom reside in the county of Willacy, and all of whom reside within the limits and boundaries of the navigation district, executed a petition, under oath, as required by and in every other way conforming to the above section, and filed same with the county commissioners' court, as required by section 2, and made deposit as required by section 26, on May 12, 1927, as fully established; and thereafter, on the same day, the county commissioners' court, in obedience to that requirement in section 2 of said act, duly made and entered its order setting the petition for hearing for the 16th day of June, 1927, and, in obedience to the requirement of said section 2, ordered and directed the clerk of said court to give notice of the date and place of said hearing in the manner required by said section 2, as in the case of a district made up of parts of two counties.

In accordance with, and in compliance with, sections 7 and 8 of said act, and as fully established and proven conclusively by plaintiffs' Exhibit D, the county commissioners' court on the 16th day of June, 1927, at a regular session, and pursuant to the order and the proof of notice, conducted a hearing in open court, and heard testimony in behalf of the petitioners touching every allegation in the petition contained, and at the conclusion of which testimony the court called for any contest or objections to said petition, and; there being none, duly made and filed its findings as is required of them to do.

In obedience to sections 9, 10, and 11 of said act, the county commissioners' court duly made and entered its order (a) calling for an election for the 27th day of July, 1927; (b) stating the purpose of such election and the propositions to be voted on; (c) creating and defining voting precincts; (d) naming polling places, managers, and officers of the election; and (e) ordering the county clerk of Cameron county to give notice of such election, as is required by section 10.

In accordance with the order of the county commissioners' court, notice of such election was given, as is fully established and proven.

The election was duly held on the 27th day of July, 1927, and on the 1st day of August, A. D. 1927, the court duly canvassed the returns of said election, and declared the result of said election to be in favor of the navigation district, the issuance of bonds and levy of a tax in payment thereof, and entered same in accordance with the form provided in section 12, and the court further entered another order again declaring the result of said election, and finding, further, that said election was, in all respects, lawfully held, and the return of same duly and legally made, and that there were cast at said election 586. votes, of which number 533 votes were cast "for the navigation district and issuance of bonds and levy of tax in payment thereof," and 51 votes were cast "against the navigation district and issuance of bonds and levy of tax in payment thereof," and ordered and decreed that the proposition to issue said bonds and levy said tax was sustained by a majority of the qualified property taxpayers voting in said election, and that the county commissioners' court of said county is authorized to issue said bonds and levy and have assessed and collected said tax.

In accordance and in obedience with section 13 of said act, the county commissioners' court, on the 1st day of August, 1927, duly made and entered its order appointing defendants J. B. Chambers, Sr., Tyre H. Brown, and J. R. George navigation and canal commissioners.

On or before the 1st day of August, 1927, the navigation and canal commissioners qualified, and, according to law, organized.

The defendants J. B. Chambers, Sr., Tyre H. Brown, and J. R. George, as navigation and canal commissioners, duly certified to the county commissioners' court on the 12th day of November, 1927, that they had determined the cost of the proposed improvements, together with the expense incident thereto. and the cost of maintenance thereof, as required by section 18 of said act. Before the issuance of the bonds of the Arroyo Colorado navigation district, the same were submitted to the Attorney General of the state of Texas, as is required by section 21 of said act; and said bonds were approved and certified to by the Attorney General of the state of Texas, as required by section 22; and said bonds, in accordance with, and as required by, section 24 of said act, were sold. And the navigation and canal commissioners executed and delivered a good and sufficient bond, payable to the county judge of Cameron county, or his successors in office, in the amount of $500,000, which is not less than the bond issues, and as is required by section 25 of said act.

The act under which the district was created was passed in 1925. We are not shown any decision in our state courts that has directly passed upon the validity of this law, but have been referred to a decision of the federal court in the case of Smith et al. v. Wilson et al., U. S. District Court Southern District of Texas at Houston, 13 F.(2d) 1007. This opinion is by Judge Joe Hutcheson, that brilliant and able jurist, with whom Judge Sheppard and Circuit Judge Foster, judges in the same district, were called on to pass upon the validity of this precise statute. It is too lengthy to be copied at length herein, but is well worth reading.

This opinion reconciles the much cited and relied on case, cited by appellees, Browning v. Hooper, 269 U. S. 396, 46 S. Ct. 141, 70 L. Ed. 330.

The Levee Improvement District Act, c. 6, art. 7972, R. S. 1925, in the main and in its legal aspect is somewhat identical with the Navigation District Act passed pursuant to article 16, § 59, of our Constitution; and the levee districts have been universally upheld.

The navigation district law, it is true, is broader in its scope, with more discretionary powers conferred upon commissioners' courts, with reference to boundary provisions. Compare article 7978, levee district statute with section 7, article 8263, R. S. of 1925. Dallas Hunting & Fishing Club v. Dallas County Bois D'Arc Island Levee District (Tex. Civ. App.)

235 S. W. 607; Dallas County Levee Improvement Dist. No. 3 v. Ayers et al. (Tex. Civ. App.) 246 S. W. 1112; Prudential Insurance Company of America v. Dallas County Levee Improvement District No. 3 (Tex. Civ. App.) 296 S. W. 974; Preston et al. v. Anderson County Levee Improvement District No. 2 (Tex. Civ. App.) 3 S.W.(2d) 888.

[2] It is not perceived that the Arroyo Colorado navigation district of Cameron and Willacy counties, created under chapter 5 of the Acts of Thirty-Ninth Legislature, is repugnant to any provision of the Constitution of Texas, or to any provision of the Constitution of the United States, for the reason that that act confers authority upon the county commissioners' court of one county over the territory and inhabitants of another. Texas is in the very heyday of her development, and old ideas must be surrendered to keep step with progress. Article 16, § 59, Constitution of Texas; article 5, §§ 1, 8, and 18, of the Constitution of Texas; article 2351, R. S. 1925; article 8263, § 2, R. S. 1925; Glenn v. Dallas County Bois D'Arc Island Levee District (Tex. Civ. App.) 282 S. W. 339; Wharton County Drainage District v. Higbee (Tex. Civ. App.) 149 S. W. 381.

The law was not held invalid because conferring jurisdiction upon commissioners' courts to organize levee districts out of territory outside of the county boundaries; the authority of commissioners' courts over county business not being restricted merely to business of the county in and for which the court was created.

Such districts are created and function under the very broad and comprehensive provisions of section 59, art. 16, of the Constitution of Texas, adopted as an amendment in 1917.

The subject is very instructive and interesting, in keeping step with the development of our resources, and shall by no means be restricted to the limits of county boundaries.

We set out article 5, §§ 1, 8, 18, and article 2351, Revised Statutes 1925, in so far as the same relate to the establishment of the county commissioners' court:

"The judicial power of this state shall be vested in one Supreme Court, Courts of Civil Appeals, in a Court of Criminal Appeals, in district courts, in county courts, in commissioners' courts, in courts of justices of the peace, and in such other courts as may be provided by law."

Article 5, § 8, of the Constitution, provides:

"The district court shall have appellate jurisdiction and general supervisory control over the county commissioners' court, with such exceptions and under such regulations as may be prescribed by law; and shall have general original jurisdiction over all causes of action whatever for which a remedy or jurisdiction is not provided by law or this Constitution, and such other jurisdiction, original and appellate, as may be provided by law."

Article 5, § 18, provides:

"The county commissioners so chosen, with the county judge as presiding officer, shall compose the county commissioners' court, which shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the state, or as may be hereafter prescribed."

Article 2351, certain powers specified, relating to county commissioners' courts, subdivision 15 thereof, provides:

"Said court shall have all such other powers and jurisdiction, and shall perform all such other duties, as are now or may hereafter be prescribed by law."

[3] Step by step we advance to the position that this navigation district is a public municipal corporation, and in its nature cannot be dissolved or have its powers cut down or destroyed in any private suit or litigation, except in a direct suit brought by the sovereign state that gave it life. The trial judge based his order granting a temporary injunction solely upon the theory that the act violated both state and Federal Constitutions, and declined to pass upon any preliminary questions either raising the jurisdictional question, pleas in abatement, or general or special exceptions.

From what has been said it will be seen that appellant is a municipal corporation with so much sovereign power conferred upon it to do the things the law imposes upon it. It is a creature of the state, it has the attribute of sovereignty, and is amenable only to the power that gave it life and vitality.

This is a public corporation such as is defined by articles 1319, 1925; and by article 7466, R. S. 1925, under title 128, chapter 1, under the heading of Public Rights. Fallbrook Irrigation District v. Bradley, 164 U. S. 112, 17 S. Ct. 56, 41 L. Ed. 369; Ball v. Merriman (Tex. Civ. App.) 245 S. W. 1012; Barnhart v. Hidalgo County Water Dist. No. 4 (Tex. Civ. App.) 278 S. W. 499; 43 C. J. 99, § 52; 43 C. J. 98, § 50; Dillon on Municipal Corporations (5th Ed.) par. 67; Cooley on Constitutional Limitations, p. 363; Albuquerque v. Water Supply Co., 24 N. M. 368, 174 P. 217, 5 A. L. R. 519; Graham v. City of Greenville, 67 Tex. 62, 2 S. W. 742; Speer v. Kearney County (C. C. A.) 88 F. 749, 60 U. S. App. 38; Phillips v. Cameron County Water Imp. Dist. No. 2, 5 S.W.(2d) 558.

This suit cannot be maintained by appellees in their individual capacity; if instituted at all, it should have been by the state, upon some such proceeding in the nature of a quo warranto. The creation of a corporate franchise is an attribute of sovereignty, and its existence is a matter between it and the state, with which individuals are regarded as having no concern.

Of course, if such corporations were invalid from the beginning, they could not function at all, but such is seen not to be the case. The right of an individual to attack such a corporation collaterally was before this court in the case of First National Bank v. City of North Pleasanton, 257 S. W. 609. We held, through Chief Justice Fly, writing the opinion for the court:

"It is the general rule that no one, except the state, can directly or indirectly question the existence of a municipal corporation, and, moreover, when the existence of such corporation is attacked by the state it can be done only in a direct action as distinguished from a collateral attack. * * *

"It is the opinion of this court that appellees [city of North Pleasanton] had no right or authority to assail the incorporation of North Pleasanton, and that the trial court should have sustained exceptions to the allegations attacking such incorporation. This is a collateral attack on such incorporation; but, even if directly made, appellees had no authority to make it." Pence v. Cobb (Tex. Civ. App.) 155 S. W. 608; Engleman Land Company v. Donna Irrigation District No. 1 (Tex. Civ. App.) 209 S. W. 428.

The opinion in the last named case was also written by Chief Justice Fly for the court.

The pleadings disclose the fact that $500,000 of the bond issue of the navigation district were purchased by, and became the property of, the Texas board of education for the benefit of the public school fund.

From the view we take of this case it can be disposed of without the presence of the parties claimed to be necessary. Our conclusion will not affect the rights of other parties necessary or otherwise, though it is apparent the state board of education is holding a half million dollars of the bonds and interest, though not before the court.

The exclusive jurisdiction in these matters were given to the county commissioners' court of Cameron county. Article 5, § 18, of the Constitution of Texas; Dallas Hunting & Fishing Club v. Dallas County Bois D'Arc Island Levee Dist. (Tex. Civ. App.) 235 S. W. 607. See, also, Dallas County Levee Imp. Dist. No. 3 v. Ayers (Tex. Civ. App.) 246 S. W. 1112.

From what we have said it must follow that the judgment of the trial court be reversed, and that judgment be here rendered in favor of appellants, and that the temporary injunction be dissolved.

The injunction is dissolved, and judgment here rendered for appellants.