## ARMSTEAD et al. v. HOPKINS COUNTY LEVEE IMPROVEMENT DIST. NO. 3 ex rel. POWELL. (No. 3554.)

Court of Civil Appeals of Texas. Texarkana.
June 22, 1928.

Rehearing Denied July 12, 1928.

R. D. Allen, of Sulphur Springs, for appellants.

C. C. McKinney, of Cooper, for appellee.

HODGES, J. The former opinion written in this case will be withdrawn, and the following substituted:

The appellee, as its name indicates, is an incorporated reclamation district, organized for the purpose of reclaiming certain land situated in Hopkins county. It includes several hundred acres of lowlands bordering on Sulphur river. Among the landowners of the district are the appellants Armstead and Chapman. This suit was filed in the name of the district upon the relation of Charles M. Powell, a bondholder, against Armstead alone, to collect delinquent taxes due from him for the years 1922, 1923, and 1924, and to foreclose a tax lien on the land against which the tax had been levied. The defendant Armstead filed an answer, which included a cross-action against the district for damages to certain crops on his land, which he alleged were destroyed by overflows against which the levee did not furnish proper protection. He was joined in his answer and cross-action by B. F. Chapman, who also owned land situated in the district and owned an interest in the crops referred to. As a defense to the suit for taxes, it was alleged, in substance, that by reason of the defective construction of certain sluice gates, portions of the land owned by Armstead and Chapman were not protected from overflows; that after the levee was built the water flowed from the outside through those gates into the district and covered their lands to a greater depth and remained there for longer periods than before; that as a result of the overflows their lands had been damaged and crops for a series of years had been destroyed. The absence of any benefits from the construction of the levee, they alleged, renders it unfair and unjust to require them in this proceeding to pay the district tax sued for. They asked, in the event they should be held liable for the taxes, that they have judgment against the district for damages to their land and crops. The answer also asks that the supervisors of the district and the members of the commissioners' court of Hopkins county be made parties to the suit. The relator replied by exceptions and general and special denials. That reply was adopted by the supervisors for the district. The court sustained exceptions which, in effect, eliminated the facts alleged as a defense to the suit for taxes, but overruled the exceptions which challenged their sufficiency as the basis of the cross-action. He also sustained an exception which eliminated the claims for damages to the land and to the crops for the years prior to 1924. The following is the agreed statement of some of the material facts:

"It is agreed by and between counsel for all the parties hereto, in open court and before the court on the trial of the cause, that the taxes sued on in this case were regularly assessed and levied by the commissioners' court of Hopkins county, Tex., for the years stated in plaintiffs' original petition; and that the amount of the taxes and the rates are the correct amounts due under the levies and assessments made by the commissioners' court at the time; that there are 3,500 acres of land in the district, which for taxation purposes are valued at $66.35 per acre; that the indebtedness for 1922 was $12,040 and the rate $6.20 on the $100 valuation; that the indebtedness for 1923 was $12,100 and rate fixed at $5.20; and for 1924 the indebted-

ness was $15,818 and the rate at $6.55 on the $100 valuation; such real estate be assessed —— on the $100 valuation to be equally distributed among the owners of such real estate in the district according to their holdings, that the defendants' property is located within the district, and that the delinquent tax list was made out by the tax collector of Hopkins county, Tex., for these years in the manner provided by law with the approval of the commissioners' court; that one copy was filed with the county clerk, one copy sent to the comptroller, and one retained by the collector. The delinquent tax list was advertised as required by the statutes, and that 90 days' notice required to be mailed to the defendants were mailed by the tax collector to the defendants more than 20 days prior to the institution of this suit."

Counsel for appellants thus state the defense upon which they rely:

"The chief proposition in this case is: Must appellants be excused from paying taxes on their land in such district, which is not protected and derives no benefit from the building of the levee or its maintenance, and which land, according to allegations, has been injured, rendered less valuable, and in effect practically destroyed by the building and operation of the levee?"

■■ It is well settled in suits of this character that damages resulting from the failure to construct the contemplated improvements, or from their improper construction and maintenance, cannot be pleaded as a defense to an action for the collection of the district taxes. State v. Bank of Mineral Wells (Tex. Civ. App.) 251 S. W. 1107; Goldman v. State (Tex. Civ App.) 263 S. W. 1097. Other decisions to the same effect might be referred to. We therefore conclude that the court correctly disposed of the suit for taxes under the statute, and that the relator had the right as a bondholder to prosecute this suit because of the failure of the district officials to do so.

■ Conceding that appellants had a legal right to set up in this proceeding a cross-action against the district for damages, the material issues involved in the cross-action were decided by the jury against the appellants. Over the objection of the appellee the court submitted the following special issues:

"Question 1. Did the levee in question, in the way it was constructed and maintained, cause the water to overflow defendants' crops to a greater depth and to remain thereon for a greater length of time in the year 1924 than such water would have overflowed and remained on said crops but for said levee?"

The same question was asked concerning similar conditions during the year 1925.

Both questions were answered in the negative. The form of the interrogatories was objected to upon the ground that they "make the recovery of damages dependent upon both the construction and maintenance of such levee, whereas the defendant, under the facts, would be entitled to recover under either of such conditions—construction or maintenance." There is in the evidence no basis for the conclusion that the jury would have made different answers to the interrogatories had they been framed so as to meet the objection of the appellants. The claim for special damages to the crops depended mainly, if not entirely, upon the testimony of the appellant Armstead. He testified that his land had not been cultivated prior to the time the levee was constructed. He further stated that after the construction of the levee, flood waters on one or two occasions rose higher and remained longer upon his land and that of Chapman than before. His principal complaint of the levee related to the manner in which the sluice gates, located near his land, were constructed · but there is nothing in the evidence that justified the jury in finding that any failure to properly maintain the levee caused the increased overflow. In fact, the great preponderance of the evidence showed that the lands located within the district were better protected from overflow after the levee was built than they had been before. It also appeared that one of the appellants, Chapman, was an original promoter of the levee project and at one time was one of the supervisors of the district. There was no error, we think, in refusing to submit the special issues requested by the appellant. They called upon the jury to pass upon the issue of damages for years eliminated by the court in sustaining exceptions upon the ground that it appeared that such claims were barred by limitation.

The remaining assignments of error, though not discussed, have been considered and are overruled.

### On Motion for Rehearing.

At the request of the appellants, we make the following additions to the statement of their pleadings:

Appellants alleged that B. F. Chapman owned a one-half interest in the land and crops referred to in their answer. In their prayer for relief, they ask that in the event they are held liable for the taxes sued for, they have judgment for an equal amount over against the district.

The motion is overruled.