**MORROW et al. v. RUSSELL, County Judge, et al.** (No. 8203.)

Court of Civil Appeals of Texas. San Antonio. April 17, 1929.

Rehearing Denied May 15, 1929.

W. C. Linden, of San Antonio, for appellants.

Jas. G. Cook, of Sinton, for appellees.

SMITH, J. This appeal is from an order refusing a temporary injunction sought by appellants to restrain the appropriate officials from assessing and collecting taxes in behalf of the San Patricio county conservation and reclamation district No. 1, of San Patricio county. The order was entered, apparently upon bill and answer only, on January 26, 1929, the appeal therefrom was perfected on February 5, and the record was filed in this court on February 9. Although the statutes do not require it of them, it is nevertheless regrettable that appellants have not seen fit to present assignments of error, briefs, or oral argument, in support of their appeal. The original and supplemental petitions for injunction cover more than 20 pages of the transcript, urging many grounds upon which the injunction was sought, but there are no findings or conclusions, or recitals in the order appealed from, to show any theory upon which the trial judge denied the relief prayed for, or any particular theory upon which it should have been granted. In this situation we do not preceive it to be the duty of this court to traverse and write upon every affirmative and negative allegation in the bill and answer.

In the bill for injunction it is conceded that the political subdivision in controversy was first organized into a drainage district in 1926, and afterwards, in 1927, converted into a reclamation and conservation district, and has been functioning as such ever since; that after the conversion the district issued and sold its corporate bonds in the sum of $132,000, most of the proceeds of which have already been expended in carrying out the purposes of the district. Appellants in their bill attack the procedure by which the original district was organized, and by which it was afterwards converted into the present

110

entity, and contend that the acts under which these proceedings were had are unconstitutional, that those proceedings, and the bonds issued and sold thereunder, were and are void, and that the public authorities are without lawful power to levy, assess, or collect taxes for the purposes of paying off the bonds and maintaining the district.

■ It appears from the record that the bonds of appellee district have been long since issued and sold to various parties, whose names are not disclosed. Appellants sought to implead these parties, whose names were alleged to be unknown to appellants. Of course no personal process was sought or could be had upon those parties. In this situation appellants sought to have said parties cited by publication, generally, as the "unknown holders" of said bonds. The holders of these bonds were indispensable parties to the suit, and to any valid judgment affecting the validity of the bonds. Maury v. Turner (Tex. Com. App.) 244 S. W. 809; Dallas County Levee Imp. Dist. v. Ayers (Tex. Civ. App.) 246 S. W. 1112; King v. Commissioners Court of Throckmorton County, 10 Tex. Civ. App. 114, 30 S. W. 257.

Nor is there any authority by which unnamed and unknown holders of such bonds may be effectually cited as parties to a suit affecting their title or the validity of the obligations held by them. Maury v. Turner, supra.

■ The result is, therefore, that the holders of the bonds involved in this litigation were not impleaded or cited as defendants in the case, and, they being indispensable parties to the action, the trial court properly denied an injunction the effect of which would be to destroy the validity of those obligations, regardless of the other questions raised in the pleadings.

We conclude that appellants failed to allege a case which entitled them to the injunction sought, and the judgment is affirmed.