## RICE et al. v. STATE et al. (No. 2979.)

Court of Civil Appeals of Texas. Amarillo. Oct. 16, 1929.

Rehearing Denied Oct. 30, 1929.

Cockrell, McBride, O'Donnell & Hamilton, of Dallas, for plaintiffs.

Claude D. Bell, of Dallas, and Goree, Odell & Allen, of Fort Worth, for defendants in error.

HALL, C. J. This suit was instituted January 31, 1925, on behalf of the Dallas County Bois d'Arc Island levee district of Dallas county, a municipal corporation, alleged to have been organized under the Constitution of Texas and chapter 44 of the General Laws of the Fourth Called Session of the 35th Legislature, 1918, and under chapter 35 of the General Laws of the Regular Session of the 36th Legislature, 1919, known as the Laney Act. It is alleged that the plaintiff is a levee

improvement district located in Dallas and Kaufman counties, created under and by virtue of an order of the commissioners' court of Dallas county, made on the 11th day of January, 1918. It is further alleged: That on December 13, 1919, the commissioners' court of Dallas county, by a majority vote of the taxpaying voters of the district, authorized the issuance of the bonds of said district, aggregating $414,700. That the bonds were approved by the Attorney General, registered in the office of the Comptroller, and had been sold by the officers of the district. That plaintiff in error owned the land lying in the district and which is fully described in the petition. That commissioners of appraisement were appointed, who, after investigation, fixed the amount of benefits accruing to the land involved in this suit. That $1,696.58 taxes for the years 1921 to 1923, inclusive, are delinquent upon said lands, together with penalties and interest. That the provisions of the delinquent tax laws with reference to notice and demand had been complied with, and the prayer is for judgment of the amount of the taxes and foreclosure of a tax lien upon the property.

Defendant answered by a general demurrer and special exceptions, and further alleged that that portion of the taxes alleged to be due for the years 1921 and 1922 were barred by the statute of two years' limitation, as appeared from the face of the petition, which was filed January 31, 1925, and were therefore not collectible.

Defendant specially pleaded: That no lien existed against the property for the reason that no levee improvements of any character had been constructed in Dallas County Bois d'Arc Island levee district and that no benefits of any character had accrued to her property. That, on the contrary, ditches had been dug and embankments thrown up in the vicinity of her land which impounded water thereon and destroyed the productivity and value thereof to her damage in the sum of $5,000. That no pretense of constructing levees had been made and no bona fide efforts to do anything for the benefit of defendant's land has been made. That the taxes were so unlawfully levied and fixed as to constitute a void and unenforceable claim against the property, because supervisors of the district were property owners in the district at the time they were appointed and at the time of the appraisement. That they had been appointed by interested parties, that is, the supervisors, to adjudicate the rights, privileges, and advantages of the interested parties, and having estimated the respective advantages and disadvantages to each tract of land in the district and having undertaken to fix the respective amounts against each tract, there was no valid and enforceable assessment fixed against the defendant's land. That defendant had been deprived of a fair and impartial hearing,

and that the proceedings were not in due course of law, were against public policy, and without binding force. That said assessment was void for the further reason that the board of appraisers was not a legally constituted body, in that the board was appointed by a board of supervisors, who were in turn appointed by the commissioners' court of Dallas county under the attempted exercise of authority delegated by the Legislature of Texas, and that said body undertook to exercise judicial and quasi judicial powers in passing upon and declaring the benefits to accrue to the defendant's land, and the Legislature being without power to create such a body by successive steps of delegation of power from one body to another, the board of appraisers was not lawfully created and never had any lawful and valid existence and no power to act in the premises.

By supplemental petition, plaintiff urged a general demurrer and the following special exceptions to the sufficiency of the answer:

(a) Because it appeared from the allegations of the answer that the tax was levied to pay bonds issued by the plaintiff district for the purpose of constructing improvements in said district and had been sold and are now outstanding obligations.

(b) Because the holders of the bonds were not required to supervise the expenditure of the funds realized from the sale of the bonds or to guarantee the construction or the success of the improvements in the district, and that the failure of the defendant's property to receive any benefits constitutes no defense to the action for the collection of the taxes.

(c) Because the allegations of the plaintiff's and defendant's respective pleadings show that the debt the plaintiff seeks to recover is taxes levied for the purpose of paying certain bonds issued by the plaintiff to secure funds with which to construct improvements in the district, and that the allegations constituting an attack upon the validity of the bonds rendered the holders of the bonds necessary parties.

(d) Because the answer is a collateral attack upon the order assessing the benefits to the property owners and upon the orders of the appraisers in assessing such benefits.

(e) Because it is an attack upon the validity of the bonds making the holders of the bonds necessary parties.

(f) Because it is an attack upon the validity of the district and the acts and orders of the commissioners' court, and that such attack cannot be made except by filing direct proceedings in which the commissioners' court, the appraisers and the supervisors of the district, and the holders of the bonds are parties.

The court overruled the general demurrer and special exceptions to the plaintiff's petition as set out in the answer and sustained the general demurrer and special exceptions contained in plaintiff's supplemental petition, to the defendant's answer.

Judgment was rendered for the full amount sued for. The case is before this court for review of the trial court's action in overruling the defendant's demurrer and exceptions and in sustaining the plaintiff's demurrer and exceptions to the defendant's answer.

We think the court erred in sustaining the general demurrer and those special exceptions to the answer relating to the defense of limitation. She was entitled to plead the two-year statute of limitation as against the taxes for the year 1921. State for Dallas County Bois d'Arc Island Levee District v. Glenn (Tex. Com. App.) 13 S.W.(2d) 337, Dallas County Bois d'Arc Island Levee Dist. v. Glenn (Tex. Com. App.) 288 S. W. 165.

Under R. S. art. 7255, the taxes were due and payable on October 1st, unless it was shown that the collector was not able to obtain the assessment rolls, books, or data upon which to proceed with the business of collecting the taxes, and this was not shown. Wall v. Club Land & Cattle Co. (Tex. Civ. App.) 88 S. W. 536; Crutcher v. Aiken (Tex. Civ. App.) 252 S. W. 844.

By R. S. art. 7326, it is made the duty of the county attorney to institute suits to collect taxes which have become delinquent, but such suits are not to be filed until after the expiration of 30 days from the giving of the notice to the owners, as provided for by articles 7324 and 7325.

From these statutes, we conclude that limitation does not begin to run at least until the taxes become delinquent. State ex rel. Mills v. Fleming, 275 Mo. 509, 204 S. W. 1085.

Suit to recover the taxes for 1921 was barred by the two-year statute (Rev. St. 1925, art. 5526, subd. 4). The taxes for 1922 would not become delinquent until February 1, 1923, or until after the 30 days' notice. The suit was filed January 31, 1925, and therefore the two-year limitation does not bar the right to recover the taxes for 1922 and 1923.

Appellees contend because exceptions have been properly sustained to the defenses set up in the answer which could not be adjudicated without making the bondholders parties, that the bondholders are no longer necessary parties to the action, and that the judgment should be rendered rather than reversed. It is uniformly held in cases of this character that the bondholders are necessary parties. Dallas County Bois d'Arc I. L. Dist. v. Glenn (Tex. Com. App.) 288 S. W. 165; Dallas County Levee Improvement Dist. v. Ayers (Tex. Civ. App.) 246 S. W. 1112; Morrow v. Russell (Tex. Civ. App.) 17 S.W.(2d) 109; Preston v. Anderson County L. I. Dist. (Tex. Civ. App.) 3 S.W.(2d) 888.

The bondholders are directly interested in the collection of taxes, because, by the provisions of article 8012, the taxes collected constitute the sinking fund of the bonds and it is provided by article 8017 that the bondholders may sue to collect taxes if the supervisors fail to do so. Armstead v. Hopkins Co. L. I. Dist. (Tex. Civ. App.) 9 S.W.(2d) 396.

It seems to be settled that districts organized under article 16, § 59a, of the Constitution may be lawfully extended so as to include territory outside of the county. Dancy v. Wells (Tex. Civ. App.) 8 S.W.(2d) 198, and authorities cited.

Our other opinions are withdrawn, and the judgment is reversed and the cause remanded.