

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 16, 1949

Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas                    Opinion No. V-787.

                         Re: The legality of accepting
                             drainage and navigation
                             district bonds as securi-
                             ty to be pledged by a
                             bank to act as a county
                             depository.

Dear Sir:

        Reference is made to your recent request which
reads in part as follows:

        "Please advise this department whether
    or not Drainage and Navigation District Bonds
    may be classed as municipal bonds, and, there-
    fore, be acceptable as security to be pledged
    by a bank selected as a County Depository, as
    provided for in Article 2547 Vernon's Annota-
    ted Civil Statutes."

        The pertinent portion of Article 2547, V. C.
S., is as follows:

        "(c)  In lieu of such personal bonds or
    surety bonds as above specified, said banking
    corporation, association or individual banker
    so selected as county depository, may pledge,
    and said depository bank is authorized to
    pledge with the Commissioners' Court for the
    purpose of securing such county funds, secur-
    ities of the following kind, in an amount
    equal to the amount of such county funds on
    deposit in said depository bank, to-wit:
    bonds and notes of the United States, securi-
    ties of indebtedness of the United States,
    and other evidences of indebtedness of the
    United States, when said evidences of indebt-
    edness are supported by the full faith and
    credit of the United States of America, and

other bonds or other evidences of indebtedness which are guaranteed as to both principal and interest by the United States Government, bonds of the State of Texas, or of any county, city, town, independent school district, common school district, or bonds issued under the Federal Farm Loan Act, or road district bonds, bonds, pledges or other securities issued by the Board of Regents of the University of Texas, bank acceptances of banks having a capital stock of not less than Five Hundred Thousand ($500,000.00) Dollars, notes or bonds secured by mortgages insured and debentures issued by the Federal Housing Administrator of the United States Government, shares or share accounts of any building and loan association organized under the laws of this state, provided the payment of such shares or share accounts is insured by the Federal Savings & Loan Insurance Corporation, and in the shares or share accounts of any Federal Savings & Loan Association domiciled in this state, provided the payment of such shares or share accounts is insured by the Federal Savings & Loan Insurance Corporation; <u>and bonds issued by municipal corporations in Texas, . . .</u> " (Emphasis added.)

In the case of Dancy v. Wells, 8 S. W. (2d) 198, (writ ref.) it is stated:

"Step by step we advance to the position that this navigation district is a public municipal corporation, and in its nature cannot be dissolved or have its powers cut down or destroyed in any private suit or litigation, except in a direct suit brought by the sovereign state that gave it life. The trial judge based his order granting a temporary injunction solely upon the theory that the act violated both state and Federal Constitutions, and declined to pass upon any preliminary questions either raising the jurisdictional question, pleas in abatement, or general or special exceptions.

"From what has been said it will be seen that appellant is a municipal corporation with so much sovereign power conferred upon it to

do the things the law imposes upon it. . . ."

In the case of Harris County Drainage District v. City of Houston, 35 S. W. (2d) 118, we find the following:

"Thus we see that under the Constitution authority is given to the Legislature to provide for the creation of such drainage districts as the one in question here, and, when created, they stand upon the same footing within their proper spheres, as county, precinct, or other such political and established subdivisions of the state . . . and are public corporations. . . . "

Similarly a water improvement district has been regarded as a "municipality" within the meaning of Section 53 of Article III of the Texas Constitution. Cameron County Water Improvement District No. 8 v. De La Vergne Engine Co., 93 F (2d) 373 (CCA 5th, 1938) And an independent school district has likewise been held to be a "municipality" under that section. Harlingen I. S. D. v. C. H. Page & Bro.

In view of the foregoing, it is our opinion that Drainage and Navigation District Bonds may be classed as municipal bonds within the meaning of Article 2547 supra, and may be pledged as security by County Depositories under the provisions of the Act.

<u>SUMMARY</u>

Drainage and Navigation District Bonds are municipal bonds within the meaning of Article 2547, V. C. S., and may be pledged as security by County Depositories under the provisions of the Act. Dancy v. Wells, 8 S. W. (2d) 198. Harris County Drainage District v. City of Houston, 35 S. W. (2d) 118.

Yours very truly,

APPROVED

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL

BA:bhmw

ATTORNEY GENERAL OF TEXAS

By *Bruce Allen*

Bruce Allen
Assistant